483 So.2d 1223 (1986)
STATE of Louisiana
v.
Richard MARTIN.
No. KA-3281.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1986.
*1224 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Julia S. Coley, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
Sherry Watters, New Orleans, for defendant-appellant Richard Martin.
Before SCHOTT, BARRY and KLEES, JJ.
KLEES, Judge.
The defendant, Richard Martin, was charged by bill of information with possession of an unregistered sawed-off shotgun in violation of LSA-R.S. 40:1785. Defendant was found guilty as charged by a unanimous six person jury on July 3, 1984. On July 5, 1984, defense counsel filed, and was granted, a motion for appeal. Prior to sentencing on July 25, 1984, defendant filed a motion for a new trial which was denied by the trial court. Defendant was sentenced to five years at hard labor. On July 31, 1984, the State filed a multiple bill. On the same day, defendant filed, and, was granted, a motion to quash the multiple bill.
FACTS:
On January 12, 1984, New Orleans Police Department officers Michael Marshall and Salvadore Zanko set up a surveillance of the 900 block of Toulouse Street in response to information received from a confidential informant. The officers looked into the window of the defendant's parked car and saw what appeared to be the butt of a gun under the passenger seat. The defendant was subsequently arrested nearby. The officers obtained a search warrant and searched the vehicle. A sawed-off shotgun with a sixteen inch barrel was found under the seat of the car. Lieutenant William Chandler testified that there was no registration on the weapon.
Errors Patent:
A review of the record for errors patent reveals that the required twenty-four hour delay between denial of the motion for new trial and sentencing was not observed. Such an error is harmless unless prejudice is shown by the defendant. State v. Brogdon, 426 So.2d 158 (La.1983); State v. Dauzart, 461 So.2d 382 (La.App. 4th Cir.1984). The defendant has not shown any prejudice in this matter. Accordingly, this error is harmless.
There is also an error in the sentence imposed by the trial court. The statute violated requires a monetary fine in addition to a prison term. The defendant was sentenced to five years at hard labor. No mention was made of a fine. This error is favorable to the defendant, and as it has not been raised by the prosecution, will be ignored by this court. State v. Jackson, 452 So.2d 682 (La.1983); State v. Sennette, 462 So.2d 675 (La.App. 4th Cir.1984).
The record also reveals that the motion for appeal was filed, and granted, prior to sentencing. The Louisiana Supreme Court has held that a defendant can appeal from a final conviction only where sentence has been imposed. State v. Chapman, 471 *1225 So.2d 716 (La.1985); State v. London, 316 So.2d 743 (La.1975); Cf. LSA-C.Cr.P. art. 912(C)(1). Chapman and London, however, are distinguishable from the case at hand. In Chapman, the defendant's sentence had been set aside on appeal, and the defendant had not been resentenced. In London, a sentence had not been imposed upon the defendant. Here, the defendant has had a sentence imposed, albeit after the motion for appeal was filed and granted.
The Louisiana Supreme Court and this court, in handling similar situations in civil actions where an appeal was granted prior to the signing of the judgment, have refused to dismiss the appeal. Matter of Parker, 399 So.2d 607 (La.1981). Palmer v. Wren, 361 So.2d 1206 (La.1978); City of New Orleans v. Kirzner, 447 So.2d 66 (La. App. 4th Cir.1984), writ denied 466 So.2d 1303 (La.1985). We choose to follow a similar line of thinking in criminal cases on point with the one at bar. Dismissing the appeal would simply result in a delay of the appellate process, and hinder defendant's right to appeal. Accordingly, we conclude that where a sentence is imposed after defendant's motion for appeal is filed and granted, the appeal will not be dismissed.
Assignment of Error No. 1
In this assignment of error, the defendant contends that the trial judge erred in failing to give the defendant's special jury charge on constructive possession. The court must charge the jury as to the law applicable to the case. C.Cr.P. art. 802(1). A defendant may request special charges to the jury. These charges shall be given by the court if the charges do not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given. C.Cr.P. art. 807. The definition of constructive possession given by the trial judge in his general charge was correct and complete.
This assignment is without merit.
Assignment of Error No. 2
In this assignment of error, the defendant alleges that the trial judge erred in overruling the defendant's objection to the district attorney's closing argument. During the closing argument, the district attorney stated that a confidential informant pointed out the defendant to the police. This was hearsay evidence to which an objection was made and sustained at trial.
The scope of closing argument is confined to evidence admitted, to the lack of evidence, to conclusions of fact that the State or defendant may draw therefrom, and to the law applicable to the case. C.Cr.P. art. 774. The district attorney's use of inadmissible hearsay was clearly outside the scope permitted in closing arguments. However, before such remarks require a reversal, the court must be thoroughly convinced that the jury was influenced by the remarks and contributed to the verdict. State v. Jarman, 445 So.2d 1184 (La.1984). State v. Sharp, 418 So.2d 1344 (La.1982).
In the present case, the jury was aware of the confidential informant's role in the arrest of the defendant. Further, the evidence adduced at trial was sufficient for a conviction. The district attorney's remarks did not influence the jury to such extent that it contributed to the verdict.
This assignment of error is without merit.
Assignment of Error No. 3
In this assignment, defendant contends that the State failed to prove beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence that the defendant possessed a sawed-off shotgun.
The defendant was convicted of possession of a sawed-off shotgun in violation of R.S. 40:1785. To support a conviction under this statute, the State must prove that the defendant received, possessed, carried, concealed, bought, sold or transported a shotgun having a barrel of less than eighteen inches in length which has not been registered.
*1226 A stipulation was entered at trial that the barrel of the shotgun in question was sixteen inches in length. Further, there was uncontested testimony that the weapon was not registered in accordance with R.S. 40:1781 et seq. Constructive possession of the sawed-off shotgun by the defendant was proven by the prosecution. Constructive possession exists when the illegal substance is subject to the defendant's dominion and control. State v. Johnson, 463 So.2d 778 (La.App. 4th Cir.1985). Proof of constructive possession is sufficient to convict under the statute violated. State v. Wise, 434 So.2d 1308 (La.App. 3rd Cir.1983).
The arresting officers testified that upon searching the defendant after his arrest, they found a set of car keys. This set of keys was found to belong to the vehicle in which the shotgun was found. Further, the defendant's fingerprints were found on the outside of the vehicle, on the driver's side in a position which indicated that the defendant had been inside the vehicle. There was testimony that during the three hours of police surveillance, no one approached the vehicle. Furthermore, the fact that the vehicle had been stolen from Omaha, Nebraska indicated that it was highly unlikely for another person to have a set of keys to the vehicle. The evidence clearly indicates that the defendant had dominion and control over the vehicle and the weapon, and therefore was in constructive possession of the shotgun. Viewing the circumstantial evidence presented in the light most favorable to the prosecution, we conclude that it is sufficient for a rational juror to have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence has been excluded, and to have found the defendant, Richard Martin, guilty of possession of a unregistered sawed-off shotgun.
Accordingly, for the foregoing reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.