LOTTINGER, Judge.
William D. LeBlanc was charged by bill of information number 121594 with first offense D.W.I., a violation of La.R.S. 14:98, and by bill of information number 121593 with speeding, a violation of La.R.S. 32:61. Through counsel, defendant pled not guilty to each misdemeanor charge. La.Code Crim.P. art. 553 A. Immediately prior to *220 commencement of trial on the merits, the trial court consolidated the two charges. Thereafter, defendant waived his right to trial by jury and, following a bench trial, was convicted as charged. The trial court sentenced defendant to a fine of two hundred dollars, plus court costs, on the D.W.I. conviction. In addition, defendant was sentenced to a ten day term of imprisonment. Execution of that portion of the sentence was suspended, and defendant was placed on probation. Under the terms of the probation, defendant was required to undertake forty-eight hours of community service and attend a D.W.I. substance abuse driver education school. The trial court sentenced defendant to a fine of twenty-five dollars, plus court costs, on the speeding conviction. In default of payment of that sum, defendant was required to serve ten days in parish prison.
Defendant brings this appeal urging three assignments of error. A discussion of the other assigned errors are pretermit-ted due to this court’s finding on the first error.
By means of assignment of error number one, defendant contends that the trial court, as a parish court, lacked jurisdiction over this matter which was triable by jury. We agree.
The problem arises because defendant was charged with the two violations by two separate bills of information. When several charges are consolidated for trial, the law considers them as if they were originally joined in a single bill. When charges are joined, the total possible punishment is the sum of the maximum joined for each charge. State v. Williams, 404 So.2d 954, 955 (La.1981). When a defendant is exposed to a maximum aggregate penalty exceeding six months imprisonment, he is entitled to a jury trial. La. Const, art. I, § IV.
The legislature has provided an exception to this rule. The state may avoid the jury trial requirement for a defendant charged with several misdemeanors by charging them in the same indictment or information. La.Code Crim.P. art. 493.1. However, where trial of several misdemeanors is consolidated, a defendant is not deprived of his right to a jury trial nor granted the reduced sentencing exposure provided by article 493.1. State v. Johnson, 458 So.2d 1301 (La.1984); State v. Odell, 458 So.2d 1304 (La.1984).
The maximum penalty for a first offense D.W.I. is a $500.00 fine and six months in prison. The maximum penalty for a first offense speeding violation is a $175.00 fine and thirty days in prison. La.R.S. 32:57. When the maximum sentences are added together, the total possible punishment is seven months imprisonment and a $675.00 fine. Thus, defendant was entitled to a jury trial.
The parish court was without jurisdiction to hear this case, because defendant was entitled to a jury trial. La.R.S. 13:1446 A, 13:1450 A, and 18:1455. Defendant cannot confer jurisdiction on the parish court by waiving his right to trial by jury. “An accused party cannot waive the jurisdiction of the court and consent to be tried by an incompetent tribunal....” State v. Foss, 158 La. 471, 104 So. 211, 213 (1925).
For the foregoing reasons, defendant’s convictions and sentences on the charges of operating a vehicle while intoxicated, La. R.S. 14:98, and speeding, La.R.S. 32:61, are vacated. Because the Ascension Parish Court, in which the case was originally tried, has no jurisdiction in jury cases, the matter is hereby transferred to the 23rd Judicial District Court for the Parish of Ascension for a new trial. No issue of double jeopardy arises on retrial of this case because of the parish court’s lack of jurisdiction. La.Code Crim.P. art. 595(1).
CONVICTIONS AND SENTENCES VACATED; CASE TRANSFERRED TO 23RD JUDICIAL DISTRICT COURT FOR THE PARISH OF ASCENSION.