BARRY, Judge.
The defendant was originally charged in a seven-count bill of information with armed robbery (counts one and six) and first degree robbery (counts two through five and seven). Prior to trial, the State amended count six to first degree robbery. A jury found defendant guilty as charged on counts six and seven, and the State entered a nolle prosequi as to counts one through five. The trial court found the defendant to be a second offender as to count six. He was sentenced to 40 years at hard labor as a second offender on count six and 40 years at hard labor on count seven, said sentences to run concurrently.

EXCESSIVE SENTENCE

In his sole assignment of error, the defendant contends that the sentence was excessive. However, the sentencing transcript shows that the defendant failed to make or file a motion to reconsider the sentence as required under LSA-C.Cr.P. art. 881.1. Thus, he cannot raise that issue on appeal. LSA-C.Cr.P. art. 881.1(D); State v. Hudson, 618 So.2d 539, 540 (La.App. 4th Cir.) (citation omitted), writ denied, 623 So.2d 1334 (La.1993); State v. Lee, 618 So.2d 551, 553 (La.App. 4th Cir.), unit denied, 624 So.2d 1222 (La.1993).

ERRORS PATENT

Timeliness of Appeal

The record reveals that the trial court signed the order for appeal on April 20,1992, prior to sentencing. The record does not show that the defendant was sentenced on either count until the multiple bill hearing on July 28, 1992. See LSA-C.Cr.P. art. 912(C)(1).[1] At that time, although defendant *818 was found to be a second offender on one count, he was sentenced on both counts.
While a defendant may only appeal from a final judgment of conviction where a sentence has been imposed, this Court has held that when a sentence has been imposed after a motion for appeal has been granted, the appeal will not be dismissed. In State v. Martin, 483 So.2d 1223, 1225 (La.App. 4th Cir.1986), we stated:
The Louisiana Supreme Court and this court, in handling similar situations in civil actions where an appeal was granted prior to the signing of the judgment, have refused to dismiss the appeal. [Citations omitted.] We choose to follow a similar line of thinking in criminal cases on point with the one at bar. Dismissing the appeal would simply result in a delay of the appellate process, and hinder defendant’s right to appeal. Accordingly, we conclude that where a sentence is imposed after defendant’s motion for appeal is filed and granted, the appeal will not be dismissed.
The facts of this case provide further support for application of Martin because, following imposition of defendant’s sentence at the multiple bill hearing, the court again granted defendant’s Motion for Appeal and set another return date of sixty days.[2]

Error in Bill of Information

The habitual offender bill of information erroneously states that defendant was found guilty as charged of armed robbery, failing to reflect that the bill of information as to count six was amended prior to trial from armed robbery to first degree robbery.
Error in the statutory citation in a bill of information shall not be grounds for dismissal of an indictment or reversal of a conviction if the error or omission did not mislead defendant to his prejudice. LSA-C.Cr.P. art. 464; State v. Jordan, 489 So.2d 994, 998 (La.App. 1st Cir.1986); State v. Anderson, 603 So.2d 780, 782 n. 1 (La.App. 1st Cir.), writ granted in part on other grounds, denied in part, aff'd. in part, 609 So.2d 831 (La.1992). The defendant here does not allege and we do not find any prejudice resulting from this error in the habitual offender bill. Defendant had notice of the State’s intention to seek enhancement of his sentence based upon his March 23, 1992 conviction in case number 348-491 and his prior offense of theft over $100.00. Further, the sentencing transcript clearly shows that defendant was sentenced as an habitual offender on the first degree robbery charge. The sentencing court stated, “... being a second offender it makes the minimum sentence in this matter twenty (20) years up to a maximum of eighty (80) years,” see LSA-R.S. 14:64.1 and 15:529.1, and recognized that “the defendant was only convicted of two counts of first degree robbery at his trial.” Thus, defendant clearly was not prejudiced by this error, and it is not grounds for reversal.

Illegally Lenient Sentence

The record also shows that defendant’s sentence was illegally lenient. LSA-R.S. 14:64.1 provides that the sentence be served without benefit of parole, probation or suspension of sentence. The defendant was sentenced on both counts without denial of those benefits. However, this court cannot correct an error patent favorable to the defendant when the State fails to raise the issue on appeal. State v. Fraser, 484 So.2d 122 (La.1986).
Defendant’s conviction and sentence are affirmed.

AFFIRMED.

. LSA-C.Cr.P. art. 912(C)(1) provides:
C. The judgments or rulings from which the defendant may appeal include, but are not limited to:
(1) A judgment which imposes sentence; ....

. The following colloquy took place:
THE COURT:
The Court will grant the defendant’s Motion for Appeal. File a written motion and—
MS. BAGNERIS [COUNSEL FOR DEFENDANT]:
Your Honor, the Motion for Appeal has already been filed and granted with return dates.
THE COURT:
Okay. Set a return date of sixty days.