JAMES L. CANNELLA, Judge.
| ¡¡Appellants, Westbank Bail Bonds (WBB) and International Fidelity Insurance Company (IFIC) appeal from a judgment denying their Motion to Set Aside the Judgment for Bond Forfeiture. We dismiss the appeal as premature.
On July 7, 2004, the Defendant, Renna-da Ramee, failed to appear for arraignment on a charge of theft of goods, valued between $100 and $500, a violation of La. R.S. 14:67.10. The State’s motion for forfeiture of the bond was granted on that date and notice subsequently mailed to the Appellants.
On January 7, 2005, the Appellants filed a Motion to Set Aside the Judgment for Bond Forfeiture. A hearing was held on February 3, 2005. According to a minute entry, the motion was denied by the trial judge in open court on February 3, 2005. No written judgment is contained in the record. We issued an order to the |3Clerk of Court to supplement the record with the *1248 missing judgment. The Clerk has responded that no written judgment exists.
A minute entry and an oral judgment that has not been reduced to writing and signed by the trial judge are insufficient to divest jurisdiction from the trial judge, and for the appellate court to obtain jurisdiction.[1] Thus, unless there is a written judgment signed by the trial judge, the appeal is premature. See: La. C.C.P. art.1911; C.C.P. art. 1918; Lenard v. Goodwin, 554 So.2d 294 (La.App. 5th Cir.1989); City of Kaplan v. Mayard, 616 So.2d 826, 827 (La.App. 3rd Cir.1993).[2] Pursuant to law, the Appellants may refile their appeal from the written judgment when it is obtained from the trial court. See: La. C.C.P. art. 2087; C.C.P. art. 2133.
Accordingly, the appeal is hereby dismissed without prejudice. Costs of this appeal are to be paid by the Appellants.

APPEAL DISMISSED.

I,APPLICATION FOR REHEARING

REHEARING GRANTED.

We dismissed this bond forfeiture case, because there was no written judgment contained in the record, or in the district court. The Appellant has now obtained a written judgment and filed a motion for rehearing with a certified copy of the judgment attached. The Appellant’s motion for rehearing is timely. Since the record can now be supplemented with the judgment, the prematurity problem is cured, and the case can go forward. Thus, the rehearing is granted for the purpose of setting the case for argument on Tuesday, April 4, 2006 at 11:00 a.m.
/s/ James L. Cannella Judge James L. Cannella
/s/ Edward A. Dufresne, Jr. Judge Edward A. Dufresne, Jr.
/s/ Fredericka Homberg Wicker Judge Fredericka Homberg Wicker

. See: C.C.P. art. 2088.

. La.C.C.P. art. 1911 provides:
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled. No appeal may be taken, from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.