GUIDRY, J.
 

 12In this workers’ compensation proceeding, the claimant appeals a judgment of
 
 *1029
 
 the Workers’ Compensation Administration, dismissing her claim for indemnity benefits and further barring the claimant from receiving future compensation benefits, based on a finding that the claimant violated the provisions of La. R.S. 23:1208. The employer also filed an appeal, seeking further remedies pursuant to La. R.S. 23:1208. Having thoroughly reviewed the record and considering the arguments of the parties, we deny both the appeal and the cross-appeal and affirm the judgment of the Workers’ Compensation Administration.
 

 FACTS AND PROCEDURAL HISTORY
 

 On January 27, 2009, Cynthia Amacker, claimant, filed a “Disputed Claim For Compensation,” form 1008, with the Office of Workers’ Compensation for injuries sustained in a workplace incident that occurred on August 4, 2003, when a co-employee attacked her. In the disputed claim, she sought medical treatment, statutory penalties, and attorney fees. The Louisiana Department of Public Safety and Corrections, Washington Correctional Institute and the Office of Risk Management (collectively “employer”) were named in the claim as employer and insurer, respectively.
 

 In response to the claim, the employer filed an answer wherein it admitted that the claimant had sustained cervical injuries, that she was “temporarily disabled” as a result of the workplace incident, and that indemnity benefits had been paid from August 4, 2003, “until present,” for a total of $122,304. However, the employer disputed “that the alleged pain management and psychiatric care [sought by the claimant] are related to the work-related incident and the disability resulting therefrom.”
 

 In the course of preparing for the hearing, the employer requested an independent medical exam (IME) to determine if an anterior cervical discectomy |3and fusion surgery recommended by claimant’s treating orthopedist, Dr. John Logan, was medically necessary and to determine whether the claimant had reached maximum medical improvement to return to work. On advice of counsel, the claimant refused to submit to the IME scheduled by the employer for May 12, 2009, and as a consequence, the employer filed a motion to suspend her benefits pursuant to La. R.S. 23:1124.
 
 [1]
 
 Following a hearing, the workers’ compensation judge (WCJ) granted the motion and suspended the claimant’s benefits from June 19, 2009, until the date she attended the re-scheduled IME. The orthopedist who later conducted the IME, Dr. J. Monroe Laborde, concluded that the claimant was not a good candidate for surgery and opined that he basically agreed with the medical conclusions of Dr. Paul van Deventer, the employer’s physician who had provided a second opinion as to whether there was a need for surgery. A second IME was then scheduled for the claimant to be evaluated by psychiatrist Dr. Harold Ginzberg, who concurred with the opinions of Drs. van Deventer and Laborde.
 

 
 *1030
 
 Shortly thereafter, the claimant discharged her attorney and retained new counsel, who then filed an amended claim on her behalf. In the amended claim, the claimant supplemented her original request to assert that the employer had failed to investigate and authorize treatment and medication for her shingles condition, which had been diagnosed by her treating orthopedist. The doctor related the condition to the workplace incident. The claimant further objected to the employer’s failure to authorize additional diagnostic testing, surgery, and | ¿medications recommended by her treating physician. Less than a month later, claimant’s new counsel filed a motion to withdraw as counsel of record, “due to the fact that undersigned counsel has been unable to communicate with [the claimant] in addition to the fact that counsel and client/claimant have differentiating opinions as to the goals which can be reasonably obtained and how to obtain them.” The motion to withdraw was granted, despite claimant’s opposition, and new counsel was obtained.
 

 Following further discovery and pre-trial litigation, a hearing in this matter was finally set for October 20, 2010. Shortly before the scheduled hearing date, on October 11, 2010, the employer filed a motion for leave to file an amended answer. In the motion, the employer averred that it had just received the claimant’s discovery responses in June, and only since receiving those responses was it able to attempt to find additional witnesses and obtain additional information. The employer further averred that it had recently located and contacted the claimant’s ex-husband, who revealed that claimant was involved in a pending lawsuit in Mississippi relative to the distribution of marital property. The employer averred that the claimant had not disclosed the lawsuit in her response to discovery. The employer also averred that pleadings from the claimant’s divorce proceedings revealed that she “has treated with physicians who were not disclosed in discovery,” and that it had “located six (6) facilities and/or physicians with whom Claimant has treated and one (1) additional pharmacy where she filled prescriptions from November 2005 through the present.” As a consequence of these discoveries, the employer requested leave to add a fraud defense to its answer. The motion was granted, and the employer amended its answer accordingly.
 

 On October 18, 2010, two days before the scheduled hearing, the claimant’s current counsel filed a motion to withdraw as counsel of record. Counsel also | Bsubmitted a letter from him to the claimant dated October 14, 2010, wherein he acknowledged a prior phone conversation with the claimant on October 11, 2010. In the letter, counsel informed the claimant that he would be “withdrawing as your attorney and will not assist you at the trial in this matter due to the conflict of interest which has arisen.” Counsel also informed the claimant that a telephone conference with the WCJ had been held on that date, and that the WCJ had advised that the scheduled hearing would proceed, whether or not the claimant was represented by counsel, due to the numerous continuances that had been granted prolonging the case. Further in the letter, counsel stated that he had attempted to contact the claimant by phone on October 14, 2010, but discovered that the claimant’s phone had been disconnected. Documentation attached to the letter revealed that it was sent by overnight express mail and delivered to the claimant’s residence by 1:44 p.m. the following day. The motion to withdraw was granted by the WCJ.
 

 On October 20, 2010, the hearing was held as scheduled, with claimant appearing pro se in the proceeding. At the hearing,
 
 *1031
 
 extensive documentary evidence was submitted into the record by the employer, and the claimant presented two fact witnesses to testify on her behalf. On considering the evidence presented, the WCJ ruled from the bench. The WCJ observed that the claimant had been through three attorneys, and with her last attorney, the WCJ had hoped the claimant “would kind of see the handwriting on the wall and would try to resolve this with the state.”
 
 [2]
 
 The WCJ further observed:
 

 And all of this late discovered evidence about your prior treatment, you know, the reason it came in late is because you were frankly just dishonest with these people the whole time. You gave a recorded statement right after the accident_ You specifically denied ever having any back problems. She didn’t ask injury. You know, she | (¡specifically asked about prior back problems. Cervical, thoracic, or lumbar. And as a nurse, I assume you know what all that means. And you answered, No, ma’am.
 

 In your deposition, you know, you didn’t disclose any of this treatment at Southeast Alliance that you’re getting in Lafayette. It seems to me pretty obvious that you were going out of your way to hide Southeast Alliance and the treatment that they’re giving you from [the employer] for the specific purpose of you wanted to keep them separate. You didn’t want anybody to know that you had extensive severe chronic preexisting back pain from a motor vehicle accident so that every time someone asked [you that] pointed question, you just denied it.
 

 [[Image here]]
 

 I find that you’ve been very dishonest as far as your medical treatment with your own treating doctors. It’s just inconceivable to me that you would treat — and I showed you the stack of records they were able to obtain from the Southeast clinics — whatever they call themselves — Exhibit 40, I just find it incredible that you would get this much treatment and that much medication from them and not tell anybody else. And conversely that you wouldn’t tell these people that you’ve treated with so extensively at Southeast about your incident that supposedly happened at the correctional institute. I think you have a severe credibility problem.
 

 Consequently, in a written judgment signed the date of the hearing, the WCJ denied the claimant’s request for indemnity and medical benefits, found that claimant had violated La. R.S. 23:1208, ordered the claimant’s forfeiture of future benefits pursuant to La. R.S. 23:1208(E), and further ordered the claimant to pay a civil penalty of $500 to the Kids Chance Scholarship Fund, Louisiana Bar Foundation, pursuant to La. R.S. 23:1208(D). It is from this judgment that the claimant appeals, pro se. The employer filed a cross appeal, seeking reversal of the WCJ’s refusal to order the assessment of restitution or criminal penalties.
 

 DISCUSSION
 

 As in the proceedings below, the claimant is pursuing the subject appeal in proper person. In her brief to this court, claimant asserts several “issues” for consideration. While we find no merit in any of the issues raised for consideration, and moreover find that the record amply sup
 
 *1032
 
 ports the WCJ finding that the claimant violated La. R.S. 28:1208, we will limit our discussion herein to the |7claimant’s contentions regarding the WCJ’s rulings to allow claimant’s counsel to withdraw his representation two days before the hearing and for failing to continue the hearing on the merits.
 
 [3]
 
 The claimant does not offer any argument in support of the contentions raised in these issues; however, in light of the due process concerns implicated by these issues, we find it prudent to address these two issues.
 

 Louisiana Revised Statute 23:1317(A) provides that the WCJ “shall not be bound by technical rules of evidence or procedure other than as herein provided.” As provided in Section 1310.1(C) of Title 23, authority is granted the director of the Office of Workers’ Compensation Administration “to adopt reasonable rules and regulations, including the rules of procedure” for matters pending before WCJs. Pursuant to that authority, LAC 40:1.5547 was promulgated, which allows counsel representing a party in a workers’ compensation proceeding to withdraw by ex parte order of the WCJ. Paragraph A of that regulation provides:
 

 When an attorney seeks to obtain an ex parte order to withdraw as counsel for a party, he shall include in his application the last known address of the claimant along with a statement that he has given written notice to the party he was previously representing that he is no longer of counsel to him and of the status of the case on the court’s docket. The attorney shall certify to the court that he has given notice to all counsel of record at the same time and in the same manner as notification to the court. A copy of such written notice and certification shall be attached to the application for the ex parte order for withdrawal. An attorney who has been permitted by ex parte order to withdraw shall give notice of same to all parties.
 

 The record before us shows that counsel for the claimant complied with the requirements outlined in LAC 40:I.5547(A).
 

 IsOn October 18, 2010, two days before the scheduled hearing, claimant’s then current counsel filed a motion to withdraw as counsel of record. In the motion, counsel stated that “a copy of this motion has been forwarded to the claimant and all opposing parties.” Also submitted was a letter from counsel to the claimant dated October 14, 2010, wherein he informed the claimant that he would be withdrawing as her attorney. Counsel also informed the claimant that the WCJ would hold the hearing scheduled for October 20, 2010, whether or not the claimant was represented by counsel. Considering this evidence, we cannot say that the WCJ erred in granting the motion to withdraw two days before the scheduled hearing.
 

 Furthermore, generally, a litigant whose lawyer withdraws at or near
 
 *1033
 
 trial may be entitled to a continuance to employ another attorney. However, because a defendant’s desire to have the case against him tried is also a factor, the plaintiff is not entitled to indefinite continuances simply because he is unable to secure counsel.
 
 Connor v. Scroggs,
 
 35,521, p. 16 (La.App.2d Cir.6/12/02), 821 So.2d 542, 553. Fairness to
 
 both
 
 parties and the need for orderly administration of justice are proper considerations in deciding whether to grant or deny a continuance.
 
 Connor,
 
 35,521 at 17, 821 So.2d at 554.
 

 In the matter before us, the record shows that the claimant was advised prior to the hearing that the matter would be heard on the scheduled hearing date, whether or not the claimant was represented by counsel, because the matter had been pending for a long time. And although the WCJ observed that the claimant had been represented by a succession of attorneys, she could not possibly predict when or if the claimant would be able to secure another attorney to represent her. As the claimant appears in these proceedings
 
 pro se,
 
 it does not appear that the claimant would have been successful in securing new counsel even if the WCJ had |9granted a continuance.
 
 [4]
 
 Moreover, as expressed by the WCJ, who was “extraordinarily” amazed at how much time, money, and effort had been expended on the claimant’s case, it is clear that the WCJ believed that to further delay the proceedings would be even more costly to the employer and imprudent in light of the overwhelming evidence of fraud that was presented. Consequently, we cannot say that the WCJ abused her discretion in proceeding with a hearing on the merits.
 
 See Connor,
 
 35,521 at 18, 821 So.2d at 554.
 

 The employer has filed a cross-appeal in this case, seeking reversal of the WCJ’s decision to deny an award of restitution and for failing to impose criminal sanctions against the claimant for violating La. R.S. 23:1208. We observe that the legislature left the decision to order restitution of benefits claimed or payment obtained to the discretion of the WCJ.
 
 See
 
 La. R.S. 23:1208(D). The WCJ did not explain why she refused to grant an order of restitution, but the record reveals that the claimant had filed for bankruptcy, which, according to the claimant’s testimony at the hearing, she filed to prevent foreclosure on her home. So, in light of this evidence, we cannot say that the WCJ abused her discretion in failing to order restitution pursuant to La. R.S. 23:1208(D).
 

 As for the WCJ’s refusal to assess the claimant with a criminal penalty pursuant to La. R.S. 23:1208(C), we likewise reject the employer’s assertion that the WCJ erred in her refusal. As observed by the court in
 
 Rivera v. West Jefferson Medical Center,
 
 96-152, pp. 17-18 (La.App. 5th Cir.7/30/96), 678 So.2d 602, 611:
 

 Under the Louisiana Constitution, the district court is vested with original jurisdiction over criminal prosecutions. La. Const. 1974 Art. 5 Sec. 16. In exercising its criminal jurisdiction, the district court is bound by the provisions of the Louisiana Code of Criminal Procedure. C.Cr.P. art. 15. There is a fundamental difference between criminal and civil matters. See
 
 Bd. of Commissioners of Orleans Levee v. Connick,
 
 94-3161 (La.3/9/95), 654 So.2d 1073. Criminal prosecutions put the defendant at risk of losing basic personal freedoms which are protected by both the United States and the Louisiana Constitutions. As such, criminal prosecutions must be
 
 *1034
 
 conducted within the strict confines of the criminal justice system. There is no provision in the Worker’s Compensation Chapter which authorizes a hearing officer to convict a claimant of criminal activity and sentence him accordingly.
 

 While civil penalties may be imposed in the form of a fine, those penalties are discretional with the director. The hearing officer’s authority for imposing a penalty under R.S. 23:1208 is restricted to section E....
 

 See also Farm Fresh Food Supplier, Inc. v. Davis,
 
 04-0856, p. 6 (La.App. 1st Cir.5/6/05), 915 So.2d 887, 891. Hence, we reject the employer’s allegations of error.
 

 CONCLUSION
 

 For the foregoing reasons, we affirm the judgment. All costs of this appeal are assessed to the claimant, Cynthia Amacker.
 

 AFFIRMED.
 

 [1]
 

 . Subsection A of La. R.S. 23:1124 provides:
 

 If the employee refuses to submit himself to a medical examination at the behest of the employer or an examination conducted pursuant to R.S. 23:1123, or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this Chapter shall be suspended until the examination takes place. The employee shall receive at least fourteen days written notice prior to the examination. When a right to compensation is suspended no compensation shall be payable in respect to the period of suspension.
 

 [2]
 

 . The record reveals that the employer had proffered a settlement offer of $5,000, which the claimant did not accept. Moreover, in her opposition to the withdrawal of the second attorney she obtained to represent her, it was noted that counsel had urged her to settle the claim, but claimant believed it would not be in her best interest to do so.
 

 [3]
 

 . In the other issues raised by the claimant, she asserted that the WCJ erred: in admitting all the employer's exhibits without them being properly submitted, in not allowing a witness to testify about his personal knowledge of the claimant’s condition, and in not allowing the claimant to defend herself. Our review of the record reveals that all of the employer’s exhibits were properly admitted; that the witness was allowed to testify as to his personal observations, but not as to statements made by the claimant's treating doctors; and that the refusal to allow the claimant to speak as the WCJ was orally rendering judgment was proper. During the course of the hearing the claimant was allowed to present evidence and to testify, and the WCJ rendered her ruling after the presentation of evidence had concluded. Finally, as the record on appeal clearly supports the finding of fraud and the forfeiture of benefits, the claimant's objection to her benefits not being reinstated pending this appeal are rendered moot.
 
 See also
 
 La. R.S. 23:1208(E).
 

 [4]
 

 . The record does not show that a formal request for a continuance was made.