JOY COSSICH LOBRANO, Judge.
hThe State of Louisiana appeals from a trial court ruling quashing the bill of information filed against the defendant, Jacorey Carter. For the reasons that follow, we reverse the trial court ruling and remand the case for further proceedings.
Mr. Carter was charged by bill of information with illegal possession of a legend drug[1], specifically, Tramadol, in violation *1182 of La. R.S. 40:1238.1(A). At a pretrial hearing on December 8, 2010, the defense presented the trial court with a crime lab repoi't indicating the pills seized from Mr. Carter “tested negative for violation drugs.” The State then moved to amend the bill of information to reflect a charge of attempted possession of a legend drug. Before the trial court ruled on the State’s motion, Mr. Carter orally moved to quash the bill of information on the basis that the alleged charge was not a crime under Louisiana law. The trial court granted the oral motion to quash. The State filed a motion for appeal, which the |2trial court granted on December 10, 2010. Mr. Carter subsequently filed a written motion to quash the bill of information on January 5, 2011.
On appeal, the State argues the trial court erroneously granted Mr. Carter’s oral motion to quash. We agree.
Louisiana C. Cr. P. art. 536 provides:
A motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court. It shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion.
(Emphasis added). Because an oral motion to quash does not comply with La. C.Cr.P. art. 536, it cannot be considered by the trial court. See State v. Dixon, 2010-1279, p. 3 (La.App. 4 Cir. 5/2/11), 64 So.3d 852, 854 (citing State v. Joseph, 2009-1169, pp. 3-4 (La.App. 4 Cir. 3/24/10), 35 So.3d 422, 424).
Although Mr. Carter filed a written motion to quash the bill of information on January 5, 2011, the written motion has no legal effect, as it was filed after the trial court was divested of jurisdiction. See La.C.Cr.P. art. 916 (“The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal.”).
We further note that in granting the oral motion to quash, the trial court agreed with the defense that Mr. Carter could not have committed the charged offense because the crime lab report indicated negative for violation drugs, stating, “whatever it was, it was bunk ... And the last time I checked the possession of bunk is not a crime.”
The Louisiana Supreme Court explained the purpose and limits of a motion to quash in State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401, stating:
|SA motion to quash is, essentially, a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. La.C.Cr.P. art. 531 et. seq.; State v. Rembert, 312 So.2d 282 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974).
In considering a motion to quash, a court must accept as true the facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971); State v. Masino, 214 La. 744, 750, 38 So.2d 622 (1949) (“the fact that defendants may have a good defense is not sufficient grounds to quash the indictment”).
Byrd, 96-2302 at pp. 18-19, 708 So.2d at 411.
In this case, the bill of information charges Mr. Carter with a valid offense, *1183 i.e., illegal possession of a legend drug, a violation of La. R.S. 40:1238.1(A). Mr. Carter’s assertion that the seized pills “tested negative for violation drugs” is a factual defense, which is not a proper basis for a motion to quash. See, e.g., State v. Fox, 09-1423 (La.App. 4 Cir. 7/07/10), 43 So.3d 318 (trial court erred in granting a motion to quash based on the defense assertion that the State presented no evidence to establish the defendant knew the seized vehicle was stolen). Thus, we find the trial court erred in considering Mr. Carter’s defense to the alleged charge as a ground to quash the bill of information.
Accordingly, we reverse the trial court ruling and remand the case to the trial court for further proceedings.
REVERSED AND REMANDED

. La. R.S. 40:1237(3) defines "Legend drag” as "any drag or drag product bearing on the label of the manufacturer or distributor, as required by the Federal Food and Drag Administration, the statement 'Caution: Federal law prohibits dispensing, without prescription.’ ”