PAUL A. BONIN, Judge.
| Randolph Armstead appeals his conviction for carnal knowledge of a juvenile and the sentence of ten years imposed upon him. He assigns six errors. See La. C.Cr.P. art. 920(1). Because we find an error patent which requires us to vacate his conviction and sentence, we pretermit consideration of his assignments of error. See La.C.Cr.P. art. 920(2) (patent error is “[a]n error that is discoverable by the mere inspection of the pleadings and proceedings and without an inspection of the evidence.”).
*68 After the trial judge sustained a motion to quash, which had only been verbally urged, the prosecution filed a motion for appeal. The trial judge then entered a written order of appeal. Upon the happening of that event, the trial court was divested of its jurisdiction over this matter. See La.C.Cr.P. art. 916; State v. Spell, 388 So.2d 754 (La.1980). Despite the divestment of jurisdiction, the trial judge reconsidered his ruling, reversed himself, and conducted a trial on the merits, at the conclusion of which the defendant was found guilty by a jury of felony carnal knowledge of a juvenile. Because none of these actions are authorized by Article 916, the trial court had no jurisdiction to accept the verdict. Because the verdict is invalid, the sentence is also invalid. See La. C.Cr.P. art. 872(3).
li>We, therefore, vacate Mr. Armstead’s conviction and sentence. We explain our decision in detail in the following Parts.
I
Initially, in 2010, the prosecution improperly instituted proceedings against Mr. Armstead for aggravated rape and second degree kidnapping by bill of information. See La.C.Cr.P. art. 382 A; La. R.S. 14:42 D. The alleged underlying offense, in which the victim was sixteen years old, occurred in 2001. The victim reported that she was dragged into an alleyway and raped by two schoolmates. Vaginal swabs were obtained from her person and the DNA material that was collected was preserved.
Just before instituting prosecution, the district attorney learned that a match had been made with Mr. Armstead. As the prosecution progressed, and the victim showed a marked degree of lack of cooperation, the district attorney amended the bill of information to amend the aggravated rape charge to felony carnal knowledge of a juvenile, a violation of La. R.S. 14:80. The district attorney also dropped the kidnapping charge.
Following the prosecutor’s amendment of the bill of information, Mr. Armstead orally moved to quash the amended bill on the ground that the time limitation to institute prosecution had expired. See La. C.Cr.P. art. 532(7). On September 25, 2012, the trial judge sustained the motion. The district attorney moved for an appeal on September 26, 2012, which was granted in writing on the same day. See La. C.Cr.P. art. 912 B(l).
On instructions of the trial judge, counsel for Mr. Armstead faxed a copy of his written motion to quash to both the Clerk of Court and the prosecution on September 28, 2012. The prosecution did not file an opposition memorandum. |sThe trial judge set the motion for a hearing date. At the close of the November 9, 2012, the prosecution asked for reconsideration, which the trial judge granted. The trial judge then reversed his own ruling. But the district attorney had never withdrawn his motion for appeal.
Eventually, Mr. Armstead was convicted by a jury and sentenced by the judge. He then appealed to us.
II
In every criminal case, we review the record for patent errors. Jurisdictional defects underlying a defendant’s conviction or sentence can constitute errors patent. See, e.g., State v. Brooks, 633 So.2d 816, 817-818 (La.App. 4 Cir.1994); State v. Martin, 483 So.2d 1223, 1224-1225 (La. App. 4 Cir.1986). The Supreme Court, likewise, acknowledges that a jurisdictional defect can constitute an error patent. See State v. Jackson, 04-2863, p. 8 (La.l1/29/05), 916 So.2d 1015, 1019. In Jackson, the court observed that it “has *69 long been established that lack of jurisdiction is a defect fatal to a criminal prosecution.” Id. The court further noted that a nullity resulting from an absence of jurisdiction “may be invoked by any one at any time and anywhere.” Id., citing Decuir v. Decuir, 105 La. 481, 485, 29 So. 932, 934 (1901), and State v. Nicolosi, 128 La. 836, 55 So. 475, 478 (La.1910). Jurisdictional defects, therefore, “discoverable as errors patent on the face of the record, are those defects which, even conceding the accused’s factual guilt, do not permit his conviction of the offense charged.” State v. Kendrick, 34,097, p. 1 (La.App. 2 Cir. 12/20/00), 779 So.2d 884, 885.
Criminal prosecutions “must be conducted within the strict confínes of the criminal justice system.” Amacker v. Washington Correctional Institute, 10-2316, p. 10 (La.App. 1 Cir. 7/14/11), 70 So.3d 1027,1033. This is so because of the | .fundamental difference between criminal and civil matters. See Bd. of Commissioners of Orleans Levee v. Connick, 94-3161 (La.3/9/95), 654 So.2d 1073, 1080. “Criminal prosecutions put the defendant at risk of losing basic personal freedoms which are protected by both the United States and the Louisiana Constitutions.” Amacker, 10-2316, p. 10, 70 So.3d at 1033.
“Courts have the jurisdiction and powers over criminal proceedings that are conferred upon them by the constitution and statutes of this state, except as their statutory jurisdiction and powers are restricted, enlarged, or modified by the provisions of this Code.” La.C.Cr.P. art. 16 (emphasis added). District courts, including the Criminal District Court for the Parish of Orleans, are vested with original jurisdiction over criminal proceedings. See La. Const, art. 5, § 16; La. R.S. 13:1335 (relative to Criminal District Court). In the exercise of. its criminal jurisdiction, a trial court is bound by the provisions of the Louisiana Code of Criminal Procedure. See La.C.Cr.P. art. 15 A (“The provisions of this Code, except as otherwise specially provided by other statutes, shall govern and regulate the procedure in criminal prosecutions and proceedings in district courts.”).
Article 916 of the Code of Criminal Procedure restricts a trial court’s jurisdiction after the signing of an order of appeal:

The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:

(1) Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 and 919.
| s(2) Correct an error or deficiency in the record.
(3) Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.
(4) Take all action concerning bail permitted by Title VIII.
(5) Furnish per curiam comments.
(6) Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.
(7) Impose the penalty provided by Article 844.
(8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.
(All emphasis added.)
Because conducting a trial, receiving a jury’s verdict, and imposing sentence are *70 not the exceptional actions over which it retained jurisdiction under Article 916, the trial court was divested of its jurisdiction.
Ill
There are dispositive consequences when a court is divested of its jurisdiction, that is when it is without jurisdiction.
Jurisdiction is defined as “the authority by which courts and judicial officers take cognizance of and decide cases.” State v. Neisler, 93-1942 (La.2/28/94), 638 So.2d 1224, 1230 n. 14, citing Black’s Law Dictionary 766 (5th Ed.1979). See also La. C.C.P. art. 1 (“Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled.”) Subject matter jurisdiction is a “threshold” issue. Spinosa v. Spinosa, 05-1935, p. 7 (La.7/6/06), 934 So.2d 35,|„41. A court’s power to act on any matter is contingent upon the court’s subject matter jurisdiction over the case or controversy before it, and any judgment or order from a court lacking subject matter jurisdiction is void. See, e.g., IberiaBanlc, v. Live Oak Circle Development, 12-1636, p. 4 (La.App. 1 Cir. 5/13/13), 118 So.3d 27, 30.[1]
When jurisdiction over the subject matter is lacking, the court is bound ex officio to notice it, and the judgment of a court wanting such jurisdiction will be null.[2] See State v. Daniels, 13-176, p. 5 (La.App. 5 Cir. 10/9/13), 128 So.3d 349, 351; BHnkhaus v. Senate of State of La., 95-0647, p. 4 (La.App. 1 Cir. 4/18/95), 655 So.2d 394, 396. And jurisdiction cannot be conferred by waiver or consent.[3] See State v. LeBlanc, 517 So.2d 219, 220 (La. App. 1 Cir.1987); Kendrick, 34,097, p. 1, 779 So.2d at 885. Also see generally, 1 Wharton’s Criminal Procedure § 11 at p. 95 (1989) (“[The] lack of jurisdiction of the subject matter cannot be waived, nor can it be conferred even by the consent of the parties; and an objection that the court lacks jurisdiction of the subject matter can be raised at any time.”).
Thus, even though considerations of so-called judicial efficiency might urge us to overlook the trial court’s lack of jurisdiction and thereby proceed to decide without further delay the errors assigned by the defendant, we are bound to notice the lack of jurisdiction along with the consequential nullity of the court’s action |7subsequent to its divestiture. We are powerless to consider either the failure of the defendant to object to the trial court’s lack of jurisdiction, or even his positive consent to such apparent exercise as re-conferring jurisdiction in the trial court over these proceedings.
IV
We turn now to take up the prosecution’s most pointed argument in support of its contention that the trial court was not divested of its jurisdiction. This argument is based upon the proposition, found in one of our decisions, that “the oral motion [to quash] is equivalent to no motion at all and is treated as if never made.” State v. Major, 13-1139, p. 2 (La.App. 4 Cir. 4/9/14), 140 So.3d 174, 177, 2014 WL 1395089. This proposition is further supported, the prosecution argues, by our *71 holding in State v. Carter, wherein we stated that “[bjecause an oral motion to quash does not comply with La.C.Cr.P. art. 586, it cannot be considered by the trial court.” 11-0859, p. 2 (La.App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182. From these propositions the prosecution argues that its own written motion for appeal (which resulted in a written order of appeal) was premature because the action appealed from was a nullity, and thus the order of appeal was ineffective in divesting the trial court of its jurisdiction. The prosecution misunderstands our decisions upon which it relies.
Major did not address any jurisdictional issue relative to an oral motion to quash. There the prosecution argued, among other things, that because it 18successfully reversed the defendant’s quashal of his charges on a supervisory writ[4] the defendant was precluded from subsequently filing a mitten motion to quash. Major, 13-1139, p. 2, 140 So.3d at 176. In rejecting that contention, Major simply stands, correctly, for the proposition that a motion to quash “shall be in writing” and “[i]t shall specify distinctly the grounds on which it is based.” La.C.Cr.P. art. 536. Thus, the defendant was not precluded from filing his written motion by the statutory proscription that the issue may be “raised at any time, but only once”. La.C.Cr.P. art. 577; Major, 13-1139, p. 2, 140 So.3d at 177.
Carter, however, did address the jurisdictional issue. In Carter the defendant was attempting to salvage the trial court’s quashal of the bill of information even though his motion to quash, contrary to the requirement of Article 536, was initially orally urged. 11-0859, p. 2, 88 So.3d at 1182. There, like here, the defendant filed a written motion, but it was filed after the prosecution’s motion for appeal. Id. We decided that the written motion to quash filed after the prosecution’s motion for appeal did not save the motion or cure the deficiency because “the written motion has no legal effect, as it was filed after the trial court was divested of jurisdiction.” Id. We then cited to and quoted from Article 916. Id. Thus, not only does Carter not support the prosecution’s argument, but it is also positive authority for the proposition that the prosecution’s motion to appeal (when granted) made following an unauthorized oral motion to quash divests the trial court of its jurisdiction.
1 flCarter is no outlier in intermediate appellate courts exercising our appellate jurisdiction when reviewing trial court rulings which sustained oral motions to quash.[5]
We thus reject the prosecution’s argument that its appeal from an unauthorized quashal by the trial court does not divest the trial court of its jurisdiction. Upon the entry of an order of appeal on motion made by the prosecution from a ruling sustaining an oral motion to quash, as well as a written motion to quash, the trial court’s jurisdiction is divested, subject to certain specified exceptions (none of which are applicable here), and the jurisdiction of *72 the appellate court attaches. See La. C.Cr.P. arts. 916, 912 B(l) (prosecution may appeal judgment or ruling on motion to quash).
V
In this Part we address two additional arguments which the prosecution urges. The first argument, as we understand it, is that because the ruling on the oral motion to quash was itself not in writing, the prosecutor’s motion for appeal was premature and a premature motion for appeal does not divest the trial court of its jurisdiction; this argument is not unrelated to the argument treated in Part III, ante. The second argument, as we understand it, points out that in other circumstances we have disregarded the trial court’s divestiture of jurisdiction and |inconsidered its actions as if it had jurisdiction and that we should treat this circumstance similarly.
A
The prosecution calls our attention to some cases which hold that an appeal taken from an oral judgment or ruling is premature and without effect. The prosecution acknowledges, however, that these cases arise only in the context of bond forfeiture proceedings. See, e.g., State v. Ramee, 05-748, p. 3 (La.App. 5 Cir. 2/3/06), 922 So.2d 1247,1248; State v. Dou-cet, unpub., 13-0772, p. 2 (La.App. 1 Cir. 12/27/13), 2013 WL 6858271. That is the critical distinction.
Bond forfeiture proceedings, such as those reflected in Ramee and Doucet, are inapposite because they are “intrinsically civil matters,” and their outcomes based upon provisions found within the Code of Civil Procedure and related jurisprudence. See State v. Allen, 11-2843, p. 2 (La.4/13/12), 84 So.3d 1288. A judgment in a civil matter cannot be final and ap-pealable unless and until it is reduced to writing and signed by the judge. See La. C.C.P. art. 1911. In contrast, the Code of Criminal Procedure does not require that judgments granting motions to quash be in writing.
Thus, because the ruling on the motion to quash does not fall within the limited subset of judgments of bond-forfeiture, which are required to be in writing, we reject the argument that the prosecution’s motion to appeal the quashal ruling was premature.
I nB
The prosecution next calls our attention to another limited subset of cases wherein courts of appeal have ruled harmless the imposition of sentence by a trial court after it had been divested of jurisdiction to do so by a defendant’s motion for appeal.[6] Again, we consider these cases to be inapposite and distinguishable. In these cases the error — filing a motion for appeal prior to sentencing — was attributable in part to the defendant. A defendant can appeal from a final conviction only after sentence has been imposed. See La. C.Cr.P. art. 912 C(l); State v. Chapman, 471 So.2d 716 (La.1985). There is jurisprudence which holds that an untimely filed motion for appeal is cured when the motion is subsequently granted after sentencing. See State v. Enclard, 03-283, p. 3 *73 (La.App. 5 Cir. 6/19/03), 850 So.2d 845, 848 n. 3; State v. Hayes, 01-736, p. 2 (La.App. 5 Cir. 12/26/01), 806 So.2d 816, 818 n. 2, (finding the defendant’s prematurely filed motion for an appeal was cured when his appeal was granted after he was sentenced). A trial court, in these cases, still retains jurisdiction and can cure this defect by granting the motion only after sentencing the defendant.
On the other hand, where an appeal is prematurely filed and granted — as in Lampkin, Washington, Brooks, Conrad, and Martin — the error is attributable to both the defendant and the trial court. However, in granting the motion for appeal 112the trial court is divested of jurisdiction and, thus, cannot cure the error as in Enclard and Hayes. See State v. Johnson, 13-75, p. 6 (La.App. 5 Cir. 10/9/13), 128 So.3d 325, 328. Our review of the jurisprudence indicates that in such cases appellate courts are then forced to determine whether such errors are either harmless or merit vacatur.
Appellate courts have relied upon equitable considerations of judicial economy when making these determinations. For example, in Martin we concluded that “[dismissing the appeal would simply result in a delay of the appellate process, and hinder defendant’s right to appeal.” 483 So.2d at 1225. Similarly, in State v. Robinson, 08-0005 (La.App. 4 Cir. 9/29/99), 743 So.2d 814, we concluded that a trial court’s denial of a defendant’s motion for new trial after it was divested of jurisdiction was harmless because the defendant did not raise the denial of his motion for new trial as an assignment of error on appeal.
In contrast, the error here is attributable to the trial judge who, after divesting himself of jurisdiction, erred in reeonsider-ing his ruling on the motion to quash, presiding over a trial, receiving the jury’s verdict, and imposing sentence.[7] Moreover, Mr. Armstead urges as error in this appeal his conviction and sentence, as well as the trial court’s reconsideration of its order granting his oral motion to quash. Under the circumstances of this case, we conclude that we must vacate Mr. Arm-stead’s conviction and sentence.
| lsMr. Armstead is entitled to have the merits of the prosecution’s charges presented to a court that is properly vested with jurisdiction. Likewise, before we can properly address rulings and judgments made by the trial court, due process concerns mandate that the prosecutor’s appeal of the order granting the oral motion to quash be disposed of. While we are mindful of equitable considerations of judicial economy, this case presents a stark issue of due process concern. That a person cannot be deprived of liberty unless tried before a court possessing the requisite jurisdiction is a principle fundamental to our legal system. See, e.g., U.S. Const, amend. XIV, § 1; Johnson, 13-75, p. 7, 128 So.3d at 329; State v. Beebe, 127 La. 493, 497, 53 So. 730, 731 (La.1910) (“[0]ne cannot be said to have had the benefit of due process of law if tried before a tribunal upon which the law has conferred no jurisdiction to try him, but has, discriminatingly, conferred such jurisdiction elsewhere.”). Under such circumstances, we conclude, as did the court in Johnson, that the “defendant’s due process rights should not yield to equitable considerations of judicial economy.” 13-75, p. 7,128 So.3d at 329.
CONCLUSION
We find that, upon entry of the order of appeal, the trial court was divested of its *74 jurisdiction to conduct a trial, receive a jury’s verdict, or impose a sentence upon Mr. Armstead. Without jurisdiction, the proceedings which the trial court here conducted are null and void. Because the verdict is invalid, the sentence is also invalid. See La.C.Cr.P. art. 872(3). The error by the trial court in conducting such proceedings is patent, and we are obliged to notice it.
luDECREE
Accordingly, we hereby vacate Randolph Armstead’s conviction for felony carnal knowledge of a juvenile and the sentence subsequently imposed upon him.
CONVICTION AND SENTENCE VACATED.

.Although Spinosa and Live Oak arise out of civil proceedings, these jurisdictional pronouncements are fundamental and basic to the entirety of our legal system. See La. C.Cr.P. art. 16; La C.C.P. art. 3. Also, see n. 2, post.

. See Neisler, 93-1942, 633 So.2d at 1234 (Dennis, J., concurring and dissenting), from which we have borrowed.

. See n. 1, ante.

. See State v. Major, 12-0407 (La.App. 4 Cir. 1/16/13), 108 So.3d 288.

. See, e.g., State v. Lodge, 12-0733 (La.App. 4 Cir. 5/8/13), 116 So.3d 851; State v. Major, 12-0407 (La.App. 4 Cir. 1/16/13), 108 So.3d 288; State v. Dixon, 10-1279 (La.App. 4 Cir. 5/2/11), 64 So.3d 852; State v. Joseph, 09-1169 (La.App. 4 Cir. 3/24/10), 35 So.3d 422; State v. Sensat, 04-425 (La.App. 3 Cir. 11/7/07), 969 So.2d 1274; State v. Scott, 06-1610 (La.App. 4 Cir. 4/25/07), 958 So.2d 725; State v. Branch, 00-1668 (La.App. 5 Cir. 3/28/01), 784 So.3d 43; State v. Bentel, 00-0057 (La.App. 5 Cir. 9/26/00), 769 So.2d 1247; State v. DeGeorge, 572 So.2d 696 (La. App. 4 Cir. 1990); State v. Howell, 525 So.2d 283 (La.App. 5 Cir. 1988).

. See, e.g., State v. Lampkin, 12-391, pp. 3-4 (La.App. 5 Cir. 5/16/13), 119 So.3d 158, 162; State v. Washington, 98-69, p. 4 (La.App. 5 Cir. 1/26/99), 727 So.2d 673, 675; State v. Brooks, 93-1767 (La.App. 4 Cir. 2/25/94), 633 So.2d 816, 818; State v. Conrad, 620 So.2d 366, 368 n. 1 (La.App. 5 Cir.1993), writ 328 granted, case remanded, 625 So.2d 158 (La. 1993); State v. Martin, 483 So.2d 1223 (La. App. 4 Cir. 1986), (choosing not to dismiss the appeal since it would result in a delay of the appellate process, and hinder the defendant's right to appeal.).

. If we were to accept the prosecution's arguments, the error would be attributable to it as well because it claims to have filed its motion for appeal prematurely.