| | | |
|---|---|---|
| **STATE OF LOUISIANA** | * | **NO. 2023-KA-0691** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **ORLANDO BROWN** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

\* \* \* \* \* \* \*

SCJ **JENKINS, J., DISSENTS WITH REASONS**

I find the appeal is untimely. This Court is without jurisdiction to consider Defendant's appeal.

The majority classifies Defendant's filing of his motion for appeal outside of the time constraints of Article 914(B)(2) as premature and declines to dismiss the appeal as untimely, reasoning "[dismissing the appeal would simply result in a delay of the appellate process, and hinder defendant's right to appeal."[1]

The majority's finding or classification of the appeal as premature is incorrect. The fact that the hearing on the motion to reconsider sentence was pending at the time the trial court granted the motion for appeal has no bearing on the timeliness of the filing and granting of the appeal. The trial court maintained jurisdiction to rule on Defendant's motion to reconsider sentence after the appeal had been granted.[2]

As reflected in the record, the trial court "granted" Defendant's appeal on June 15, 2023, more than thirty (30) days following conviction and sentence. It is my contention this renders the current appeal as untimely. I find the facts of *State*

---

[1] *State v. Landrieu*, 18-0694, p. 6 (La. App. 4 Cir. 6/12/19), 274 So.3d 661, 667 (quoting *State v. Martin*, 483 So.2d 1223, 1225 (La. Spp. 4th Cir. 1986)); *see also State v. Washington*, 98-69, p. 4 (La. App. 5 Cir. 1/26/99), 727 So.2d 673, 675.

[2] Louisiana Code of Criminal Procedure. Art. 916(3).

1

*v. Wilson*, 59,913, p. 6 (La. App. 2 Cir. 5/26/21), 317 So.3d 923, 929, discussed herein below, practically mirror the timeliness issues in the current appeal.

In general, La. C.Cr.P. art. 916 provides that "[t]he jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal." However, under La. C.Cr. P. art. 916(3), the appeal of a criminal case does not divest the trial court of jurisdiction to rule on a motion to reconsider sentence as the article expressly grants the trial court jurisdiction to "[c]orrect an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence." *Wilson*, 59,913, p. 6, 317 So.3d at 929. In *Wilson*, unlike the present case, the defendant timely filed a motion for appeal as it relates to his assigned error of the constitutionality of his sentence. The *Wilson* Court noted that an appellate court is not deprived of jurisdiction to review the constitutional excessiveness of a defendant's sentence or compelled to order a remand on that issue while the trial court's consideration of the defendant's outstanding motion to reconsider sentence is still pending. *Wilson*, 53,913, p. 7, 317 So. 3d at 929-30.

In this case, Defendant not only missed the opportunity for direct appeal of his conviction and sentence, but he also failed to preserve his right to appeal the December 1, 2023 judgment which denied his motion to reconsider sentence. The record does not reflect that a timely motion for appeal was filed following the imposition of the judgment denying his motion to reconsider sentence. The trial court, however, is still vested with jurisdiction to grant a motion for appeal pursuant to La. C.Cr.P. art. 930.8.[3]

---

[3] Louisiana Code of Criminal Procedure art. 930.8(A) provides, in pertinent part, the following:

  A. No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:

I would dismiss the appeal as untimely and remand to the trial court with instructions to appoint counsel and allow Defendant the opportunity to file an out of time appeal pursuant to La. C.Cr.P. art. 930.8.

Based on the foregoing reasons, I dissent.