JUDE G. GRAVOIS, Judge.
^Defendant, Joshua Johnson, has appealed his convictions of simple burglary of an inhabited dwelling, in violation of La. R.S. 14:62.2, and forgery, in violation of La. R.S. 14:72. For the reasons that follow, we vacate defendant’s sentences and remand the matter to the trial court for further proceedings.

PROCEDURAL BACKGROUND

This matter was tried on October 15 and 16, 2012. At the conclusion of the trial, the jury returned unanimous verdicts finding defendant guilty as charged on both counts. On October 30, 2012, defendant filed a motion for an appeal, which the trial court granted on October 31, 2012. On November 8, 2012, defendant filed a motion for a new trial, which the trial court denied that same day. Further on November 8, 2012, the trial court sentenced defendant to ten years imprisonment at hard labor on the burglary conviction, and ten years imprisonment at hard labor on *327 the forgery conviction, to run concurrently. Also on November 8, 2012, the State filed a multiple offender bill of information against defendant, alleging him to be a | .¡second felony offender. On November 13, 2012, the trial court adjudicated defendant to be a second felony offender, vacated the original sentence imposed on the simple burglary conviction, and imposed an enhanced sentence on defendant of twenty-four years imprisonment at hard labor without the benefit of probation or suspension of sentence. On November 13, 2012, defendant filed a motion to reconsider sentence. The record does not reflect that defendant’s motion to reconsider sentence was ruled on by the trial court.

DISCUSSION OF PROCEDURAL ISSUES

 Pursuant to La.C.Cr.P. art. 916, a trial court is divested of jurisdiction upon the granting of a defendant’s motion for an appeal. State v. Lampkin, 12-391 (La.App. 5 Cir. 5/16/13), 119 So.3d 158, 162; State v. Sims, 09-509 (La.App. 5 Cir. 2/12/10), 33 So.3d 340, 343, writ denied, 10-0596 (La.10/8/10), 46 So.3d 1264. Once the trial court is divested of jurisdiction, it may take only certain specified actions, none of which include ruling on a motion for a new trial or imposing sentence (except for imposing sentence pursuant to a conviction under the Habitual Offender Law as set forth in La. R.S. 15:529.1.) See La.C.Cr.P. art. 916[1]; accord, State v. Brown, 451 So.2d 1074, 1078 (La.1984) (holding that once a case is appealed, the trial court is without jurisdiction to entertain a motion for a new trial unless the case is remanded to that court for that purpose). Thus, it is clear that upon the granting of defendant’s motion for an appeal in the present case on |4October 31, 2012, the trial court was divested of jurisdiction to subsequently sentence defendant or to rule on defendant’s subsequently filed motion for a new trial.
Although the trial court was divested of jurisdiction when it granted defendant’s motion for an appeal on October 31, 2012, a premature appeal need not always be dismissed when a sentence is imposed after the defendant’s motion for an appeal has been filed. This Court has found harmless a trial court’s imposition of sentence after having been divested of jurisdiction. In State v. Lampkin, supra, although the defendant’s motion for appeal was filed and granted before he was sentenced, this Court chose not to dismiss the defendant’s appeal “as this would only result in a delay of defendant’s right to appellate review.” See also State v. Simms, 03-1459 (La.App. 5 Cir. 12/28/04), 892 So.2d 111, 114, n. 1; State v. Washington, 98-69 (La.App. 5 Cir. 1/26/99), 727 So.2d 673, 675; State v. Conrad, 620 So.2d 366, 368, n. 1 (La.App. 5 Cir.1993), writ *328 granted, case remanded, 625 So.2d 158 (La.1993); State v. Brooks, 93-1767 (La. App. 4 Cir. 2/25/94), 633 So.2d 816, 818, writ denied, 94-1939 (La.9/3/96), 678 So.2d 548 (choosing not to dismiss the appeal since it would “result in a delay of the appellate process, and hinder [the] defendant’s right to appeal.”).
Additionally, the Fourth Circuit has found harmless the trial court’s denial of a motion for a new trial after having been divested of jurisdiction under specific circumstances. In State v. Robinson, 98-0005 (La.App. 4 Cir. 9/29/99), 743 So.2d 814, 815-16, the trial court denied the defendant’s motion for a new trial which was filed after he was sentenced and after his motion for an appeal was granted.[2] Despite the Supreme Court’s ruling in Brown, supra, the Fourth Circuit in | (Robinson found that although the trial court erred in ruling on the motion for a new trial, because the defendant did not raise the denial of his motion for a new trial on appeal, “any error with respect to the timing of the motion and its denial is harmless.” Robinson, 743 So.2d at 816.
Upon review, we find that the present case is distinguishable from the aforementioned cases. Lampkin, Simms, Washington, Conrad, and Brooks involved imposition of sentences after the trial court was divested of jurisdiction, rather than ruling on a motion for a new trial. Further, in Robinson, although the trial court ruled on the defendant’s motion for a new trial after it was divested of jurisdiction, this error was found to be harmless since the defendant did not raise the denial of his motion on appeal.[3] In the present case, the trial court ruled on defendant’s motion for a new trial after it was divested of jurisdiction; however, unlike Robinson, one of the issues raised by defendant in his motion for a new trial was also raised by defendant on appeal.[4]
There is jurisprudence that holds an untimely-filed motion for an appeal, i.e., filed before sentencing, is “cured” when the motion is subsequently granted after sentencing. See State v. Enclard, 03-283 (La.App. 5 Cir. 6/19/03), 850 So.2d 845, 848, n. 3 (finding the defendant’s prematurely filed motion for an appeal was cured when his appeal was granted after he was sentenced); State v. Hayes, 01-736, (La. App. 5 Cir. 12/26/01), 806 So.2d 816, 818, n. 2, writ denied, 02-0263 (La.10/25/02), 827 So.2d 1169 (same). In these cases, the untimeliness of the | ndefendant’s motion for an appeal was an error attributable to the defendant. In such cases, the trial court “cures” this defect by granting the motion after sentencing the defendant. See Enclard, Hayes, supra. The trial *329 court may take this action because it still has jurisdiction: since it has not granted the motion for appeal, it has not been divested of jurisdiction.
Conversely, in eases where an appeal was prematurely filed and granted, the error is not solely attributable to the defendant. The defendant errs in prematurely filing his motion for appeal; the trial court errs in prematurely granting it. And upon granting the motion, the trial court is divested of jurisdiction and cannot take any action other than those enumerated in La.C.Cr.P. art. 916. Hence, a trial court, thus divested, cannot “cure” an error. As a result, appellate courts are left to determine whether such errors — e.g., a trial court’s imposition of sentence or ruling on a motion for new trial after having been divested of jurisdiction — merit remand.
In making this determination, appellate courts have relied upon equitable considerations of judicial economy.[5] For instance, in Lampkin, supra, although the defendant’s motion for an appeal was filed and granted before he was sentenced, this Court chose not to dismiss the appeal “as this would only result in a delay of [the] defendant’s right to appellate review.” In Brooks, supra, the Fourth Circuit chose not to dismiss the appeal since it would “result in a delay of the appellate process, and hinder [the] defendant’s right to appeal.” And in Robinson, the Fourth Circuit found the trial court’s denial of a motion for a new trial after having 17been divested of jurisdiction was harmless because the defendant did not raise the denial of his motion for a new trial on appeal. Under the particular circumstances of the present case, where the trial court, after having been divested of jurisdiction, denied defendant’s motion for a new trial, the substance of which he then raised on appeal, we find a remand is proper. Before this Court, a court of review, addresses the merits of an issue that the trial court improperly considered, in light of due process considerations, defendant is entitled to have those merits considered by a trial court properly vested with jurisdiction. Although equitable considerations of judicial economy are as pertinent here as in other eases, this case is distinguishable because it presents a definite issue of due process concern. Under such circumstances, we find that defendant’s due process rights should not yield to equitable considerations of judicial economy. Consequently, we are constrained to vacate the sentences imposed on defendant (both his underlying sentences and his multiple offender sentence) and remand this matter to the trial court to rule on defendant’s motion for a new trial, and, if denied, to resentence defendant.
The above findings pretermit a discussion of defendant’s assignment of error on appeal.

CONCLUSION

For the foregoing reasons, the sentences imposed on defendant; (both his underlying sentences and his multiple offender sentence) are hereby vacated and this matter is remanded to the trial court to rule on defendant’s motion for a new trial, and, if denied, to resentence defendant.[6] In the *330 event defendant’s motion for a 18new trial is denied, upon resentencing, defendant’s right to appeal his conviction and sentences are reserved.

SENTENCES VACATED; MATTER REMANDED.

.Article 916 provides that once a trial court is divested of jurisdiction, it has no jurisdiction to take any action except as provided by law, or to:
1. Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 and 919.
2. Correct an error or deficiency in the record.
3. Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.
4. Take all action concerning bail permitted by Title VIII.
5. Furnish per curiam comments.
6. Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.
7. Impose the penalty provided by Article 844.
8. Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.

. It should be noted that the motion in Robinson was untimely because it was filed after sentencing. See La.C.Cr.P. art. 853. Also, the trial court lacked jurisdiction to rule on the motion because it was filed after the trial court had granted the defendant's appeal.

. In addition, as noted above, unlike in the present case, the motion for new trial in Robinson was untimely.

. In his motion for a new trial, filed pursuant to La.C.Cr.P. art. 851, defendant argued he was entitled to a new trial because:
1.The verdict was contrary to the law and evidence;
2. [The court] erred in admitting letters allegedly written by [defendant] into evidence without requiring the State to authenticate those letters;
3. [The court’s] ruling on defense counsel’s repeated objections to proceeding to trial despite [defendant’s] obvious mental health issues shows prejudicial error; and, accordingly,
4. The ends of justice would be served by the granting of a new trial. In the sole assignment of error on appeal, defendant argues that the trial court erred in finding him competent to stand trial.

. In Simms, Washington, and Conrad, although this Court did not specify equitable grounds for declining to dismiss the appeal, this Court cited cases which rely on the Fourth Circuit decision, State v. Martin, 483 So.2d 1223, 1225 (La.App. 4 Cir.1986), in which that court declined to dismiss an appeal since it "would simply result in a delay of the appellate process, and hinder defendant's right to appeal.”

. As noted above, the record does not reflect that the trial court ruled on defendant’s motion to reconsider sentence filed on November *330 13, 2012. However, because we have vacated defendant’s sentences, his motion to reconsider sentence is now moot.