ROBERT A. CHAISSON, Judge,'
^Defendant, Tory Clark, appeals his second degree murder conviction and sentence. For the reasons; that-follow, we vacate defendant’s sentence and. remand the matter to the trial court for further proceedings. -

PROCEDURAL HISTORY

On September 30, 2010, a Jefferson Parish Grand Jury returned an indictment charging defendant with second , degree murder, in violation of La. R.S. 14:30.1. At the October 4,2010-arraignment, defendant pled not guilty. The.case proceeded to trial before , a. twelve-person jury on January 27, 2015.. After considering the evidence presented, the jury, on January 30, 2015, found defendant guilty as charged.
On February 11, 2015, defendant filed a motion for post-verdict judgment of acquittal alleging that the evidence presented at trial was insufficient to support the jury verdict. He also filed a motion for appeal that was granted on February 12, |s2015. Subsequent to the granting of the appeal, defendant, on April 2, 2015, filed a motion for new trial on the basis that the verdict was. .contrary to the law and evidence, the trial court committed prejudicial error when it allowed defendant to demonstrate before the jury how he held a weapon, and the ends', of justice would be served by granting a new trial. On that same date, the court denied defendant’s motion for post-verdict judgment of acquittal and motion for new trial -after entertaining brief arguments by counsel:
' 'Following thé denial of these two motions, the court conducted' a sentencing hearing pursuant to’ La;C.Cr.P. art.' 878.1 and thereafter took the matter under advisement. ' On' April 14, 2015, the trial judge sentencéd defendant to life imprisonment with eligibility for parole after thirty-five years.

DISCUSSION

Pursuant to La.C.Cr.P. art. 916, a trial court is divested of jurisdiction upon the granting of a defendant’s motion for appeal. Once the trial court is divested of jurisdiction, it may take only certain specified actions, none of which include ruling on a post-trial motion or imposing sentence (except for imposing sentence pursuant to a conviction under the Habitual Offender Law as set forth in La. R.S. 15:529.1.)[1] State v. Johnson, 13-75 (La.App. 5 Cir. 10/09/13), 128 So.3d 325, 327.
*604 |4Thus, it is clear that upon the granting of defendant’s motion for appeal on February 12, 2015, the trial court was divested of jurisdiction to subsequently sentence defendant or to rule on his motions for post-verdict judgment of acquittal and new trial. We acknowledge that in some instances, appellate courts have considered such jurisdictional errors to be either “cured” or harmless, and,; in the* interest of judicial economy, have ruled on the merits of the arguments presented in the defendants’ appeals. See State v. Johnson, supra, and the cases cited therein. However, under the present circumstances, where some of the grounds raised in the post-trial motions. are .also raised by defendant on appeal, we cannot ignore the fact that the trial court lacked jurisdiction at the time it sentenced defendant and ruled on his post-trial motions. -
In State v. Johnson, supra, this Court was presented with a similar jurisdictional problem and found that a remand was warranted. In that case, the defendant was convicted and then filed a motion for appeal, which the trial court granted the next day. Approximately one week later, the defendant filed a motion for new trial that was denied that same day. In his motion for new trial, the defendant raised an issue that he also raised on appeal. This Court found that under the particular circumstances of that case, where the trial court,- after having been divested of jurisdiction, denied the defendant’s motion for new trial, the substance of which he then raised on appeal, a remand was proper. This Court explained that before this Court addresses the merits of an issue that the trial court improperly considered, in light of due process considerations, the defendant was entitled to have those merits considered by a trial court properly vested with jurisdiction. This Court determined- that although equitable considerations of judicial economy were as pertinent here as in other cases, its case was distinguishable because it presented a definite issue of due process concern. | ¡¡Consequently, this Court vacated the defendant’s underlying and enhanced sentences-and remanded the matter to the trial court to rule on the defendant’s motion for new trial, and if denied, to resen-tence the defendant.
Likewise in the present case, after the court granted defendant’s motion' for appeal on February 12, 2015, it was divested of jurisdiction -to sentence defendant or to rule on defendant’s post-trial motions. In accordance with Johnson and the reasoning set forth therein, we vacate defendant’s sentence and remand this matter to the trial court to rule on defendant’s post-trial motions, and if denied, to resentence defendant.[2] Further, once defendant has been resenteneed, he has the right to appeal his conviction and sentence.

SENTENCE VACATED: MATTER REMANDED

. La.C.Cr.P. art. 916 provides as follows:
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:
(1) Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 .and 919.
(2) Correct an error or deficiency in the record.
(3) Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.
(4.) .Take all action concerning bail permitted by Title VIII.
(5) Furnish per curiam comments.
(6) Render' an interlocutory order or a definitive judgment concerning a ministerial .matter not in controversy on appeal,
(7) Impose the penalty provided by Article 844.
(8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1,

. Under the circumstances of this case, we pretermit discussion of defendant's assignments of error.