JOHNSON, J.
*1120 Defendant/Appellant, Viusqui Perez-Espinosa, appeals his convictions and sentences for second degree murder and obstruction of justice from the 24th Judicial District Court, Division "K". For the following reasons, we vacate Defendant's sentences and remand the matter for further proceedings.
FACTS AND PROCEDURAL HISTORY
On May 4, 2017, a Jefferson Parish Grand Jury returned a true indictment charging Defendant with second degree murder in violation of La. R.S. 14:30.1 (count one) for the killing of Ives Alexis Portales-Lara and obstruction of justice in violation of La. R.S. 14:130.1 (count two). On May 8, 2017, Defendant pleaded not guilty at his arraignment. On January 23, 2018, the State filed a Notice of Intent to Introduce Evidence of Other Acts, which the trial court heard and granted on February 7, 2018. Meanwhile, on January 29, 2018, the trial court heard and denied motions to suppress statements and evidence.
The trial commenced against Defendant on March 19, 2018. At the conclusion of the trial, the 12-person jury returned verdicts of guilty as charged on March 26, 2018. On April 25, 2018, Defendant filed a written Motion for New Trial and for Post-Verdict Judgment of Acquittal and a written Motion for Appeal and Designation of Record.
On April 26, 2018, the date of sentencing, the trial court granted Defendant's Motion for Appeal and Designation of the Record. After granting the motion for appeal, the trial court heard and denied Defendant's Motion for New Trial and for Post-Verdict Judgment of Acquittal. Subsequent to a victim impact statement being read, the trial court sentenced Defendant to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on count one and 40 years at hard labor on count two, with the sentences to be served consecutively. Defendant filed a motion to reconsider the sentences in open court, which the trial court denied.[1] The instant appeal followed.
LAW AND ANALYSIS
On appeal, Defendant alleges the trial court erred in granting the State's motions to have other crimes evidence admitted against him, and the trial court imposed excessive consecutive sentences. However, there is an error patent in this matter that precludes review of Defendant's assignments of error.
In this case, as previously mentioned, Defendant was convicted on March 26, 2018. On April 25, 2018, Defendant filed a Motion for New Trial and for Post-Verdict Judgment of Acquittal and a written Motion for Appeal. The April 26, 2018 sentencing transcript reflects that the trial court granted Defendant's motion for appeal, *1121 denied the Motion for New Trial and for Post-Verdict Judgment Acquittal, and then imposed Defendant's sentence all on the same date and in the same proceeding. We find that, once the trial court granted the motion for appeal, it was without jurisdiction to rule on the Motion for New Trial and for Post-Verdict Judgment of Acquittal or to impose Defendant's sentences.
Pursuant to La. C.Cr.P. art. 916, a trial court is divested of jurisdiction upon the granting of a defendant's motion for an appeal. State v. Lampkin , 12-391 (La. App. 5 Cir. 5/16/13), 119 So.3d 158, 162, writ denied , 13-2303 (La. 5/23/14), 140 So.3d 717. A premature appeal need not always be dismissed when a sentence is imposed after the defendant's motion for appeal has been filed. State v. Johnson , 13-75 (La. App. 5 Cir. 10/9/13), 128 So.3d 325, 327. A defendant can appeal from a final judgment of conviction only when the sentence has been imposed. La. C.Cr.P. art. 912.
Generally, motions for new trial and for post-verdict judgment of acquittal must be filed and disposed of before sentencing. La. C.Cr.P. art. 853(A) ; La. C.Cr.P. art. 821(A). Once the trial court is divested of jurisdiction, it may take only certain specified actions, none of which include ruling on a motion for a new trial. La. C.Cr.P. art. 916 ; State v. Johnson , supra . Also in this case, the trial judge was without jurisdiction to rule upon the motion for post-verdict judgment of acquittal.[2] See La. C.Cr.P. art. 821(A).
In this matter, Defendant argued in his timely filed Motion for New Trial and for Post-Verdict Judgment of Acquittal that he was never charged with the sexual assault of T.C., and thus, the introduction of the alleged sexual assault was prejudicial and warranted the granting of a new trial. This argument pertains to Defendant's argument regarding the admission of other crimes evidence in assignment of error number one. At the hearing on the motion for new trial, defense counsel rested on the written motion, and the State responded that this issue was heard during pre-trial matters and the incident was properly admitted into evidence. The trial judge asked if counsel had any rebuttal, and she indicated, "Nothing beyond what is in our motion. I mean, we noted our objection to the admission of the evidence regarding the sex-alleged sexual assaults." The second time the motion was heard, defense counsel additionally indicated that the evidence should not have been admitted, and a new trial was warranted.
In Johnson , this Court found that the trial court divested itself of jurisdiction by granting the defendant's motion for appeal and then denying the defendant's motion for new trial, the substance of which he raised on appeal. The trial court in that matter granted the motion for appeal on October 31, 2012, and denied the motion for new trial on November 8, 2012. After it denied the motion for new trial, the trial court sentenced the defendant. This Court found vacation of the sentences and a remand were proper for consideration of the defendant's motion for new trial. Id. at 329.
State v. Clark , 15-357 (La. App. 5 Cir. 11/19/15), 180 So.3d 602, 603, is also of relevance. In that matter, the defendant was convicted on January 30, 2015, and on *1122 February 11, 2015, filed a motion for post-verdict judgment of acquittal. The defendant also filed a motion for appeal that was granted on February 12, 2015. After the appeal was granted, the defendant filed a motion for new trial on April 2, 2015. On that same date, the trial court denied the motion for post-verdict judgment of acquittal and the motion for new trial. On April 14, 2015, the trial court sentenced the defendant. Id.
In Clark , this Court found that the record was clear that upon the granting of the defendant's motion for appeal on February 12, 2015, the trial court was divested of jurisdiction to subsequently sentence the defendant or to rule on his motions for post-verdict judgment of acquittal and new trial. Id. at 604. This Court acknowledged that, in some instances, appellate courts have considered such jurisdictional errors to be either "cured" or harmless and, in the interest of judicial economy, have ruled on the merits of the arguments presented in the defendants' appeals. However, it found that under the circumstances of that case, where some of the grounds raised in the post-trial motions are also raised by the defendant on appeal, it could not ignore the fact that the trial court lacked jurisdiction at the time it sentenced the defendant and ruled on his post-trial motions. Id.
See also State v. Daniels , 13-176 (La. App. 5 Cir. 10/9/13), 128 So.3d 349, 351, where this Court held that the trial court was without jurisdiction to entertain a timely motion for new trial based on La. C.Cr.P. art. 851(3), except upon remand of the case, when it had previously entered an order of appeal. This Court found that the motion for new trial was timely, and the denial of the motion for new trial was the sole issue on appeal. In Daniels , 128 So.3d at 350, the motion for appeal was granted on May 7, 2012, and the motion for new trial was denied on January 28, 2013.
In this matter, Defendant does not raise the denial of his motion for new trial on appeal. Defendant does not specifically assert in his appellate brief that the State did not charge him for the sexual assault, as he did in his post-trial motion. Nonetheless, Defendant's argument in his post-trial motion relates to assignment of error number one. Therefore, we find that the trial court was without jurisdiction to rule on Defendant's Motion for New Trial and for Post-Verdict Judgment of Acquittal, as it divested itself of jurisdiction upon the granting of Defendant's motion for appeal. Because the post-trial motion is related to assignment of error number one regarding other crimes evidence, we conclude that consideration of the assignment should be pretermitted.
Accordingly, we find that the trial court erred in denying Defendant's Motion for New Trial and for Post-Verdict Judgment of Acquittal because it did not have the jurisdiction at that time to render a ruling on the motion, and a remand is warranted to rule on the motion. We advise the trial court that if the motion is denied, it should resentence Defendant because the trial court was without jurisdiction to impose Defendant's sentences at the time it did so. See La. C.Cr.P. art. 916. Further, once Defendant has been resentenced, he has the right to appeal his convictions and sentences. In regard to assignment of error number two, because the trial court was without jurisdiction to impose Defendant's sentences after granting the motion for appeal, we also pretermit discussion of that assignment because it relates to his sentences.
DECREE
For the foregoing reasons, we vacate Defendant's sentences and remand the *1123 matter to the trial court for a ruling on Defendant's Motion for New Trial and for Post-Verdict Judgment of Acquittal.
SENTENCES VACATED; REMANDED

After the motion to reconsider sentence was denied, defense counsel indicated that she believed there were some issues with the Spanish interpreter during sentencing. Out of an abundance of caution, the trial court swore in Maritza Colon, a trial interpreter, and re-granted the Motion for Appeal and Designation of Record and re-heard and again denied the Motion for New Trial and for Post-Verdict Judgment of Acquittal. Afterward, the court also re-imposed Defendant's sentences of life in prison at hard labor without the benefit of parole, probation, or suspension of sentence on count one and 40 years at hard labor on count two, to run consecutively, and again denied the motion for reconsideration of sentence. Under La. C.Cr.P. art. 916(3), a trial court retains jurisdiction to rule on a defendant's properly filed motion to reconsider sentence.

This Court has routinely held that a trial court's failure to rule on the merits of a motion for new trial or post-verdict judgment of acquittal prior to sentencing constitutes an error patent on the face of the record, requiring that the sentence be vacated and the case be remanded for a ruling on the motion. See State v. Aguliar-Benitez , 16-336 (La. App. 5 Cir. 12/7/16), 206 So.3d 472, 473-74 and the cases cited therein. In this case, the motion was ruled on before Defendant's sentences were imposed; however, the timing of the ruling poses a problem.