LILJEBERG, J.
Defendant, Terrance Darnell Calloway, appeals the consecutive sentences the trial court imposed after a jury convicted him of second degree murder and obstruction of justice. Defendant also contends the trial court erred by proceeding directly to sentencing without first obtaining a waiver of sentencing delays. For the reasons that follow, we vacate defendant's sentences and remand the matter to the trial court for further proceedings.
STATEMENT OF THE CASE
On September 29, 2016, a Jefferson Parish Grand Jury returned an indictment charging defendant with second degree murder in violation of La. R.S. 14:30.1 (count one) and obstruction of justice in violation of La. R.S. 14:130.1 (count two). On September 30, 2016, defendant pled not guilty at his arraignment.
Jury selection occurred on June 11, 2018, and, on June 13, 2018, the jury returned a verdict of guilty as charged. On June 27, 2018, defendant filed a Motion for *351 New Trial and a Motion for Post Verdict Judgment of Acquittal. On the same day, defendant filed a written Motion for Appeal and Designation of Record.
According to the transcript, on June 28, 2018, the trial court denied the Motion for New Trial and the Motion for Post Verdict Judgment of Acquittal and then granted the Motion for Appeal. After two victim impact statements were read, the trial court sentenced defendant to life in prison without benefit of parole, probation, or suspension of sentence on count one. The trial court also sentenced defendant to forty years at hard labor on count two to run consecutively with his sentence on count one. Due to defendant's actions during sentencing, the trial court also found him in contempt of court and sentenced defendant to an additional three months.
DISCUSSION
Defendant raises two sentencing issues as assignments of error on appeal: 1) The trial court erred by imposing the sentences consecutively; and 2) The trial court erred by proceeding directly to sentencing without first obtaining a waiver of sentencing delays.
Prior to reaching the merits of defendant's appeal, we must first address the jurisdictional issue created due to the trial court's decision to grant defendant's motion for appeal prior to sentencing defendant. As explained above, defendant filed his motion for appeal with other post-trial motions on June 27, 2018. Defendant appeared for sentencing on June 28, 2018, at which time the trial court proceeded to deny the post-trial motions and grant the motion for appeal. Subsequently, the trial court heard victim impact statements and imposed defendant's sentences.
Pursuant to La. C.Cr.P. art. 916, a trial court is divested of jurisdiction upon the granting of a defendant's motion for appeal. State v. Johnson , 13-75 (La. App. 5 Cir. 10/9/13), 128 So.3d 325, 327. Once the trial court is divested of jurisdiction, it may take only certain specified actions, none of which include imposing sentence (except an enhanced sentence under La. R.S. 15:529.1 ). La. C.Cr.P. art. 916. A defendant can appeal from a final judgment of conviction only when the sentence has been imposed. La. C.Cr.P. art. 912.
Thus, upon the granting of defendant's motion for appeal on June 28, 2018, the trial court was divested of jurisdiction to subsequently sentence defendant. We acknowledge that in some instances, this Court has considered such jurisdictional errors to be harmless and, in the interest of judicial economy, have ruled on the merits of the arguments presented in the defendants' appeals. See State v. Lampkin , 12-391 (La. App. 5 Cir. 5/16/13), 119 So.3d 158, 162 ; State v. Simms , 03-1459 (La. App. 5 Cir. 12/28/04), 892 So.2d 111, 114 n. 1. However, this Court has also recognized that when the issues raised on appeal involve actions taken by the trial court after it was divested of jurisdiction, the more appropriate action is to vacate these actions and remand. See Johnson , supra ; State v. Clark , 15-357 (La. App. 5 Cir. 11/19/15), 180 So.3d 602, 604 ; State v. Victor , 13-888 (La. App. 5 Cir. 12/23/14), 167 So.3d 118, 123.
In State v. Johnson , supra , the defendant was convicted and then filed a motion for appeal, which the trial court granted the next day. Approximately one week later, the defendant filed a motion for new trial that was denied that same day. In his motion for new trial, the defendant raised an issue that he also later raised on appeal. In that matter, this Court found that when the trial court denied the defendant's motion for new trial, the substance of which he raised on appeal, a remand was proper in light of due process considerations. Consequently, *352 this Court vacated the defendant's underlying and enhanced sentences and remanded the matter to the trial court to rule on the defendant's motion for new trial, and if denied, to resentence the defendant.
In Victor , supra , this Court found the trial court's imposition of sentence after it was divested of jurisdiction was harmless error. However, this Court also specifically noted that the defendant did not raise any sentencing issues on appeal.
In the present matter, the only assignments of error defendant raises on appeal involve sentencing issues. After the trial court granted defendant's motion for appeal, it was divested of jurisdiction to sentence defendant. In light of due process considerations discussed above, we vacate defendant's sentences for his second degree murder and obstruction of justice convictions and remand this matter for resentencing. Once defendant has been resentenced, he has the right to appeal his convictions and sentences.
SENTENCES VACATED; REMANDED FOR RESENTENCING