STATE OF LOUISIANA

VERSUS

JOHN W. PATTON

NO. 21-KA-613

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-7474, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

November 17, 2021

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Stephen J. Windhorst

<u>**SENTENCES VACATED;**</u>
<u>**REMANDED FOR RESENTENCING**</u>
  **MEJ**
  **JGG**
  **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
JOHN W. PATTON
    Prentice L. White

**JOHNSON, J.**

Defendant, John W. Patton, appeals his convictions and sentences for attempted second degree rape, false imprisonment while armed with a dangerous weapon, second degree rape, and sexual battery from the 24th Judicial District Court, Division, "J". For the following reasons, we vacate Defendant's sentences and remand the matter to the trial court for resentencing.

On November 30, 2018, Defendant was charged with attempted second degree rape (count one), in violation of La. R.S. 14:27 and La. R.S. 14:42.1; false imprisonment while armed with a dangerous weapon (count two), in violation of La. R.S. 14:46.1; second degree rape (count three), in violation of La. R.S. 14:42.1; and sexual battery (count four), in violation of La. R.S. 14:43.1. Defendant pleaded not guilty to the charged offenses.

Trial commenced before a 12-person jury on April 12, 2021. After eight days, the jury unanimously found Defendant guilty on all four counts. On May 6, 2021, Defendant filed a "Motion for New Trial," which was denied by the trial court on May 14, 2021. On May 19, 2021, Defendant was sentenced to 15 years imprisonment on count one, 10 years imprisonment on count two, 35 years imprisonment without the benefit of parole, probation, or suspension of sentence on count three, and 10 years imprisonment without the benefit of parole, probation, or suspension of sentence on count four. The trial court ordered that all the sentences be served at hard labor, and that counts two, three, and four be concurrently served "with one another" and consecutively served to count one.

Defendant filed a "Motion for Appeal,"[1] which was granted by the trial court on May 14, 2021. The motion for appeal was granted prior to Defendant's sentencing on May 19, 2021. Defendant's appeal was lodged with this Court on September 21, 2021.

---

[1] Defendant filed the motion for appeal on May 7, 2021.

21-KA-613                                           1

Pursuant to La. C.Cr.P. art. 916, a trial court is divested of jurisdiction, and the jurisdiction of the appellate court attaches upon the granting a defendant's motion for appeal. When issues raised on appeal involve actions taken by the trial court after it was divested of jurisdiction, the appropriate action is to vacate those actions and remand the matter. *See*, *State v. Johnson*, 13-75 (La. App 5 Cir. 10/9/13); 128 So.3d 325, 329. Once a trial court is divested of jurisdiction, it may only take certain specified actions. *See*, La. C.Cr.P. art. 916. Imposing a sentence for an underlying offense is not included in the list of specified actions in La. C.Cr.P. art. 916.

In *State v. Calloway*, 18-708 (La. App. 5 Cir. 4/24/19); 271 So.3d 349, the defendant sought review of his consecutive sentences for second degree murder and obstruction of justice. This Court noted that in *State v. Victor*, 13-888 (La. App. 5 Cir. 12/23/14); 167 So.3d 118, it had found the trial court's imposition of sentence after it was divested of jurisdiction was harmless error, after specifically noting that the defendant did not raise any sentencing issues on appeal. However, unlike in *Victor*, this Court vacated the defendant's sentences for his second degree murder and obstruction of justice convictions and remanded the matter for resentencing, after finding that the trial court was divested of jurisdiction upon granting the motion for appeal and that the only assignments of error that the defendant raised involved sentencing issues. *Id.* at 352.

In the present case, upon granting Defendant's motion for appeal on May 14, 2021, the trial court was divested of jurisdiction to subsequently sentence Defendant on May 19, 2021. Therefore, we find that the motion for appeal was prematurely granted before sentencing. Accordingly, we vacate Defendant's sentences for attempted second degree rape (count one), false imprisonment while armed with a dangerous weapon (count two), second degree rape (count three), and

sexual battery (count four), and remand the matter to the trial court for resentencing.

**SENTENCES VACATED;**
**REMANDED FOR RESENTENCING**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 17, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-KA-613

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)          PRENTICE L. WHITE (APPELLANT)

**MAILED**
NO ATTORNEYS WERE MAILED