STATE OF LOUISIANA

VERSUS

LARRY DILLON, JR.

NO. 22-KA-229

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 17,369, DIVISION "B"
HONORABLE NGHANA LEWIS, JUDGE PRESIDING

February 27, 2023

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Hans J. Liljeberg

**VACATED AND REMANDED**

    **FHW**
    **RAC**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Bridget A. Dinvaut
Geoffrey M. Michel
J. Philip Prescott, Jr.

COUNSEL FOR DEFENDANT/APPELLANT,
LARRY DILLON
David E. Stanley

**WICKER, J.**

Appellant Larry Dillon, Jr. ("Mr. Dillon") seeks appellate review of his convictions and sentences for sexual battery, home invasion, and second degree rape. The trial court in this case prematurely granted Mr. Dillon's motion for appeal before sentencing Mr. Dillon and ruling on defendant's other post-trial motions. Upon granting Mr. Dillon's motion for appeal, the trial court was divested of jurisdiction. Pursuant to La. C.Cr.P. art. 916, once the trial court is divested of jurisdiction, it may only take certain specified actions, none of which include imposing a sentence for the underlying offense. Accordingly, we vacate Mr. Dillon's original sentences, the trial court's ruling on his post-trial motions, his multiple offender adjudication, and his enhanced sentences based on his multiple offender status. The matter is remanded to the trial court for consideration and ruling on Mr. Dillon's motion for post-verdict judgment of acquittal and motion for new trial. Should the trial court deny Mr. Dillon's motions following remand, the trial court is instructed to resentence Mr. Dillon, at which time Mr. Dillon will have the right to appeal.

## *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

On December 11, 2017, the State filed a bill of information charging Mr. Dillon with sexual battery, in violation of La. R.S. 14:43.1, home invasion in violation of La. R.S. 14:62.8, and second degree rape in violation of La. R.S. 14:42.1. On July 16, 2021, a jury unanimously found Mr. Dillon guilty as charged on all counts. Thereafter, on August 5, 2021, the State filed a multiple offender bill of information against Mr. Dillon, charging him as a second-felony offender.[1] On August 16, 2021, Mr. Dillon filed three post-trial motions: a motion for post-verdict judgment of acquittal, a motion for new trial, and a motion for appeal. The trial court granted the motion for appeal the same day and set the motion for post-verdict

---

[1] The State later amended the multiple bill, alleging Mr. Dillon to be a third-felony offender, on September 24, 2021.

judgment of acquittal and motion for new trial for hearing on August 27, 2021. The hearings on Mr. Dillon's motions were continued until November 2021.

On November 18, 2021, after a hearing on Mr. Dillon's motions, the trial court denied the motion for post-verdict judgment of acquittal and motion for new trial. The trial court then sentenced Mr. Dillon on each count to imprisonment with the Department of Corrections without the benefit of parole, probation, or suspension of sentence, with the sentences to run concurrently with each other, as follows: 10 years for sexual battery; 30 years for home invasion; and 40 years for second degree rape. The trial court subsequently set the hearing on the State's multiple bill for January 13, 2022.

On January 13, 2022, Mr. Dillon filed a motion to reconsider sentence, which the trial court denied. On the same day, following the trial court's denial, Mr. Dillon stipulated to the multiple bill as being a three-time felony offender. Mr. Dillon was then sentenced as a third-felony offender to hard labor without the benefit of parole, probation, or suspension of sentence on each count as follows: 15 years for sexual battery; 45 years for home invasion; and 50 years for second degree rape.[2]

Mr. Dillon timely files the instant appeal. Mr. Dillon seeks reversal of his convictions and sentences claiming the trial court erred in admitting evidence without the proper foundation; the evidence was insufficient to identify him as the perpetrator of the charged offenses; the trial court erred in denying his post-trial motions; the trial court lacked jurisdiction to take further actions in his case after granting his motion for appeal; the trial court failed to observe the sentencing delays required pursuant to La. C.Cr.P. art. 973 before imposing his original sentences as well as his multiple offender sentences; and the trial court erred in denying his motion to reconsider sentence as the sentence imposed on him is constitutionally

---

[2] While it appears the trial court failed to vacate Mr. Dillon's original sentences for the underlying offenses prior to imposing sentences pursuant to the multiple bill, for the reasons expressed herein Mr. Dillon's sentences as a multiple offender are vacated and the matter is remanded as addressed above.

excessive.

## *JURISDICTION*

We address at the outset the jurisdictional issue Mr. Dillon assigns as error on appeal. As explained above, Mr. Dillon filed his motion for appeal with other post-trial motions on August 16, 2021. While the trial court set the motions for post-verdict judgment of acquittal and new trial for hearing, the trial court granted the motion for appeal the same day Mr. Dillon filed the motion, August 16, 2021. In November 2021, the trial court held hearings on and denied Mr. Dillon's outstanding post-trial motions. Contemporaneous with the trial court's actions that day, the trial court also sentenced Mr. Dillon on the underlying offenses. In January 2022, Mr. Dillon filed another post-trial motion to reconsider sentence, which was denied; and after stipulating to his status as a multiple offender, Mr. Dillon was sentenced as a multiple offender.

Pursuant to La. C.Cr.P. art. 916, "[t]he jurisdiction of the trial court is divested and that of the appellate court attached upon the entering of the order of appeal." "Once the trial court is divested of jurisdiction, it may take only certain specified actions, none of which include ruling on a motion for a new trial or imposing sentence (except for imposing sentence pursuant to a conviction under the Habitual Offender Law as set forth in La. R.S. 15:529.1.)" *State v. Calloway*, 18-708 (La. App. 5 Cir. 4/24/19), 271 So.3d 349, 351; *State v. Johnson*, 13-75 (La. App. 5 Cir. 10/9/13), 128 So.3d 325, 327.

This Court has previously addressed similar jurisdictional issues as the one presented here. *See Id.*; *State v. Patton*, 21-613 (La. App. 5 Cir. 11/17/21), 347 So.3d 1070, 1071-72; *State v. Woods*, 19-200 (La. App. 5 Cir. 12/26/19), 288 So.3d 256, 258-59. In *Woods*, this Court found that upon granting defendant's motion for appeal, the trial court was divested of jurisdiction to subsequently sentence the defendant or to rule on defendant's motion for new trial and motion for post-verdict

judgment of acquittal. In both post-trial motions, as in this case, the defendant argued that the verdict was contrary to the law and the evidence and that the evidence was insufficient to support the convictions. On appeal, the defendant, as in this case, raised the same claims raised in his post-trial motions.

This Court determined that where the trial court, after having been divested of jurisdiction, denied the defendant's motion for new trial, the substance of which he also raised on appeal, remand was proper. *Id.*; *Cf.*, *State v. Victor*, 13-888 (La. App. 5 Cir. 12/23/14), 167 So.3d 118 (finding the trial court's imposition of sentence after it was divested of jurisdiction was harmless error where the defendant did not raise any sentencing issues on appeal). Therefore, this Court vacated the trial court's rulings on the defendant's post-trial motions and the defendant's sentences. This Court further remanded the matter to the trial court to rule on defendant's motions, and if denied, to resentence the defendant. In the event that the defendant's motion for new trial was denied, upon resentencing, the defendant's right to appeal his conviction and sentence was reserved. *Woods*, 288 So.3d at 259.

### *CONCLUSION*

In the present matter, Mr. Dillon's assignments of error are related to his post-trial motions and sentences. After the trial court granted Mr. Dillon's motion for appeal, it lacked jurisdiction to rule on Mr. Dillon's motions for post-verdict judgment of acquittal and new trial or to sentence Mr. Dillon on the underlying offenses. "Before this Court, a court of review, addresses the merits of an issue that the trial court improperly considered, in light of due process considerations, defendant is entitled to have those merits considered by a trial court properly vested with jurisdiction." *Johnson*, 128 So.3d at 329. Therefore, we pretermit discussion of Mr. Dillon's remaining assignments of error.

### *DECREE*

For the reasons discussed herein, we vacate Mr. Dillon's multiple offender

adjudication; vacate his original sentences for the underlying convictions as well as his multiple offender sentences; vacate the trial court's rulings on his post-trial motions; and remand the matter to the trial court for rulings on his motions for post-verdict judgment of acquittal and new trial. In the event the trial court denies Mr. Dillon's post-trial motions, the trial court is instructed to resentence Mr. Dillon, at which time Mr. Dillon will have the right to appeal his convictions and sentences.

**VACATED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 27, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-KA-229

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE NGHANA LEWIS (DISTRICT JUDGE)
GEOFFREY M. MICHEL (APPELLEE)
BERTHA M. HILLMAN (APPELLANT)

HONORABLE BRIDGET A. DINVAUT
(APPELLEE)
DAVID E. STANLEY (APPELLANT)

J. PHILIP PRESCOTT, JR. (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED