STATE OF LOUISIANA

VERSUS

ERROL VICTOR SR.

NO. 23-KA-235

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 10,172, DIVISION "B"
HONORABLE DENNIS J. WALDRON, JUDGE AD HOC, PRESIDING


January 24, 2024


**SCOTT U. SCHLEGEL**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Scott U. Schlegel


**SENTENCE VACATED;**
**REMANDED FOR RESENTENCING**
    **SUS**
    **SMC**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
ERROL VICTOR
Deidre K. Peterson

DEFENDANT/APPELLANT,
ERROL VICTOR, SR.
In Proper Person

**SCHLEGEL, J.**

Defendant, Errol Victor Sr., appeals his conviction and sentence for second degree murder. Following our errors patent review, we have determined that the trial court prematurely granted defendant's motion for appeal before imposing his sentence. Thus, the trial court was divested of jurisdiction at the time of sentencing. For reasons explained more fully below, we vacate defendant's sentence and remand for resentencing.

## PROCEDURAL BACKGROUND

On April 12, 2010, a St. John the Baptist Parish Grand Jury indicted defendant, Errol Victor Sr., for the second degree murder of his eight-year-old stepson, M.L. Lloyd III, while engaged in the perpetration of the crime of cruelty to a juvenile, in violation of La. R.S. 14:30.1(A)(2)(b). On August 1, 2014, a jury returned a non-unanimous (ten to two) verdict of guilty as charged. The trial court subsequently sentenced defendant to life imprisonment without the benefit of probation, parole, or suspension of sentence. On May 26, 2016, this Court affirmed defendant's conviction and sentence. *State v. Victor*, 15-339 (La. App. 5 Cir. 5/26/16), 195 So.3d 128, *writ denied*, 16-1516 (La. 10/15/18), 253 So.3d 1300.

On April 20, 2020, the United States Supreme Court handed down its decision in *Ramos v. Louisiana*, 590 U.S. --, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), finding that the Sixth Amendment right to a jury trial — as incorporated against the States by the Fourteenth Amendment — requires a unanimous verdict to convict a defendant of a serious offense. On April 27, 2020, the United States Supreme Court granted certiorari in defendant's case, and reversed this Court's decision affirming defendant's conviction and sentence in light of its decision in *Ramos*. *See Victor v. Louisiana*, -- U.S. --, 140 S.Ct. 2715, 206 L.Ed.2d 851 (2020). As a result, on June 19, 2020, this Court vacated defendant's conviction

and sentence, and remanded the matter to the trial court for further proceedings. *State v. Victor*, 15-339 (La. App. 5 Cir. 6/19/20), 307 So.3d 317.

Following a second trial, a unanimous jury found defendant guilty of second degree murder on July 20, 2022. Defendant filed a motion for appeal on September 20, 2022. The trial court signed an order granting the motion on September 21, 2022, just prior to sentencing. This is evidenced by the fact that prior to sentencing, the trial judge stated that he was "turn[ing] over" the motion for appeal and "the order that grants the appeal" to the court's clerk. The trial court then imposed a sentence of life imprisonment without the benefit of parole, probation, or suspension of sentence in error. The trial court was divested of jurisdiction the moment it granted defendant's appeal.

Defendant's trial counsel then filed motions to withdraw as counsel of record and the Louisiana Appellate Project was appointed to represent defendant on appeal. On January 3, 2023, defendant filed a *pro se* "Motion to Proceed on Direct Appeal Pro-Se To Reject the Louisiana Appellate Project Appointment and Attorney Prentice L. White." In this motion, defendant refused the Louisiana Appellate Project appointment and asked to proceed *pro se* on appeal because he was previously allowed to represent himself on appeal. The trial court granted the motion on January 18, 2023.

Then, on February 6, 2023, defendant filed a motion to withdraw his January 3, 2023 motion to proceed *pro se* and terminate the Louisiana Appellate Project. He also moved to reserve the right to review the record and supplement the appellant brief filed on his behalf by the Louisiana Appellate Project. On February 8, 2023, the trial court granted the motion in part allowing defendant to withdraw his motion to proceed *pro se*, and again appointed the Louisiana Appellate Project to represent defendant on appeal. However, the trial court denied defendant's "request for the right to review or conditionally approve any part of the appeal"

and further stated that "defendant is not entitled to be represented by counsel and to represent himself simultaneously."[1]

On April 26, 2023, defendant filed a *pro se* "Motion to Envoke Six [sic] Amendment Right to Self-Representation Filing on Direct Appeal 'Faretta Rights.'"  In this motion, defendant requested a *Faretta*[2] hearing for the trial court to consider whether he should be permitted to represent himself *pro se* on appeal. The trial court did not take any action on the motion.  Then, on June 13, 2023, attorney Deidre K. Peterson filed a Motion to Enroll as Counsel of Record, which this Court granted on the same day.   On June 19, 2023, Prentice White of the Louisiana Appellate Project filed a Motion to Withdraw as Appellate Counsel, and this Court granted the motion on June 20, 2023.

Subsequently, on June 22, 2023, relator filed a "Writ of Right Writ of Mandamus/Stay" with this Court, in which he argued that the trial court had not acted on his *pro se* "Motion to Envoke Six [sic] Amendment Right to Self-Representation Filing on Direct Appeal 'Faretta Rights.'"  On June 30, 2023, this Court granted relator's writ of mandamus in part and remanded the matter for the trial court to rule on relator's April 26, 2023 motion requesting a *Faretta* hearing. This Court denied relator's request to extend the briefing deadlines and stay his appeal.

On July 31, 2023, the trial court held a *Faretta* hearing and determined that defendant could represent himself on appeal.  Prior to that date, defendant's counsel of record filed an appellant brief with this Court on July 28, 2023.  On August 8, 2023, this Court issued an order to transmit the appellate record to

---

[1] We point out that Local Rule 6-1 of the Court of Appeal, Fifth Circuit requires a criminal defendant's appellate counsel to send a notice to the defendant with the appellant brief informing the defendant of the right to file a supplemental *pro se* brief within 30 days of the mailing of the notice by counsel, as well as the right to request to review the appellate record within 10 days of the mailing of the notice by counsel.

[2] *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975).

defendant and allowing him 30 days to file an appellate brief. On August 10, 2023, defendant's counsel of record filed a motion to withdraw, which this Court granted on the following day, August 11, 2023. After this Court granted defendant two additional 30-day extensions of time, defendant filed his appellant brief with this Court on October 27, 2023.

## DISCUSSION

We first address the jurisdictional issue created due to the trial court's decision to grant defendant's motion for appeal prior to sentencing defendant. Pursuant to La. C.Cr.P. art. 916, a trial court is divested of jurisdiction, and the jurisdiction of the appellate court attaches, upon the granting of a defendant's motion for appeal. *State v. Calloway*, 18-708 (La. App. 5 Cir. 4/24/19), 271 So.3d 349, 351; *State v. Johnson*, 13-75 (La. App. 5 Cir. 10/9/13), 128 So.3d 325, 327. Once the trial court is divested of jurisdiction, it may take only certain specified actions, none of which include imposing a sentence (except an enhanced sentence under the habitual offender law, La. R.S. 15:529.1). La. C.Cr.P. art. 916; *State v. Dillon*, 22-229 (La. App. 5 Cir. 2/27/23), 358 So.3d 934, 936. A defendant can appeal from a final judgment of conviction only when the sentence has been imposed. La. C.Cr.P. art. 912; *Calloway*, 271 So.3d at 352.

Upon the granting of defendant's motion for appeal on September 21, 2022, the trial court was immediately divested of jurisdiction. Accordingly, we vacate defendant's sentence and remand this matter for resentencing. Once defendant has been resentenced, he has the right to appeal his conviction and sentence.

**SENTENCE VACATED; REMANDED
FOR RESENTENCING**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 24, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 23-KA-235

### E-NOTIFIED
40TH DISTRICT COURT (CLERK)
HONORABLE NGHANA LEWIS (DISTRICT JUDGE)
HONORABLE BRIDGET A. DINVAUT (APPELLEE)

CHRISTOPHER N. WALTERS (APPELLEE)

GRANT L. WILLIS (APPELLEE)

### MAILED
HONORABLE DENNIS J. WALDRON (DISTRICT JUDGE)
40TH JUDICIAL DISTRICT COURT
JUDGE AD HOC, DIVISION "B"
POST OFFICE BOX 280
EDGARD, LA 70049

PRENTICE L. WHITE (APPELLANT)
ATTORNEY AT LAW
LOUISIANA APPELLATE PROJECT
16731 CICERO AVENUE
BATON ROUGE, LA 70816

DEIDRE K. PETERSON (APPELLANT)
ATTORNEY AT LAW
102 BRUNSWICK COURT
NEW ORLEANS, LA 70131

ERROL VICTOR SR. #613100 (APPELLANT)
DAVID WADE CORRECTIONAL CENTER
670 BELL HILL ROAD
HOMER, LA 71040